MELISSA W. COOK, ESQ.; SBN 134791
LISA A. LESLEY, ESQ.; SBN 216503
KERRY K. FENNELLY, ESQ.; SBN 202826
MELISSA W. COOK & ASSOCIATES
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Telephone: (619) 280-4302
Facsimile: (619) 280-4304
MWCCoast@aol.com
kkfennelly@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**FILE BY FAX**

| | |
|---|---|
| SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST; SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN; and OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIS CONCRETE, INC., a corporation, <br><br> Defendant. | Case No. <br><br> '08 CV 0561 DMS RBB <br><br> COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS AND DUES, LIQUIDATED DAMAGES, INTEREST, ATTORNEYS FEES, COSTS AND AUDIT FEES; AND FOR ORDER FOR AUDIT <br><br> [ERISA §§ 515, 502(g)(2)] <br> [29 U.S.C. §§ 1145, 1132(g)(2)] |

Plaintiffs complain and allege as follows:

1. This Court has jurisdiction of this case under section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended (29 U.S.C. § 1132(e)), and under section 301(a) of the Labor Management Relations Act of 1947 (LMRA), as amended (29 U.S.C. § 185(a)).

2. This is an action brought by the trustees of San Diego County Cement

KKF/mdn/0356.21.wpd
Complaint to Collect Delinquent Contributions and Dues, Liquidated Damages, Interest, etc.



1  Masons Group Insurance Trust, San Diego County Cement Masons Pension Trust Fund
2  and San Diego County Cement Masons Apprentice and Training Trust Fund (each the
3  "Trust Fund" and collectively the "Trust Funds"), which Trust Funds are duly organized
4  and operating in this State.

5      3.    This is an action also brought by the fiduciaries of the San Diego
6  County Cement Masons Local 500/Area 744 Vacation Plan ("Vacation Plan"), which is
7  duly organized and operating in this State.

8      4.    This is an action also brought by the Operative Plasterers' & Cement
9  Masons' International Association, Local Union 500/Area 744 ("Union"), which is duly
10 organized and operating in this State.

11     5.    The Trust Funds, Vacation Plan and Union are administered in the
12 City of San Diego, County of San Diego. Venue is therefore proper in this district under
13 ERISA section 502(e)(2) (29 U.S.C. § 1132(e)(2)).

14     6.    The Trust Funds were created and now exist pursuant to LMRA
15 section 302(c) (29 U.S.C. § 186(c)) and are each part of a multi-employer plan as defined
16 in ERISA section 3(37)(A) (29 U.S.C. § 1002(37)(A)) and as used in ERISA sections
17 515 and 502(g)(2) (29 U.S.C. §§ 1145, 1132(g)(2)).

18     7.    Plaintiffs are informed and believe, and allege thereon, that Defendant
19 HARRIS CONCRETE, INC., is, and at all times relevant herein was, a corporation
20 organized and existing under the law of this State with its principal place of business in
21 La Mesa, California.

22     8.    Plaintiffs are informed and believe, and allege thereon, that on or
23 about January 6, 2002, Percy Harris executed as an agent of Defendant HARRIS
24 CONCRETE, INC. an agreement in writing entitled Short From Agreement. A copy of
25 the Short Form Agreement executed by Percy Harris is attached hereto as Exhibit "A"
26 and incorporated herein by reference.

27     9.    By the Short Form Agreement, which incorporated the terms and
28 provisions of Master Labor Agreements (the "Collective Bargaining Agreements") and

-2-

Complaint to Collect Delinquent Contributions and Dues, Liquidated Damages, Interest, etc.

of the Declarations of Trust (the "Trust Agreements"), hereinafter collectively referred to as the "Agreements," and by the rules, regulations and procedures of the Trust Funds, the Vacation Plan and the Union, Defendant is required to submit monthly reports, pay to the Trust Funds, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant (the "Contributions") and withhold and submit to the Vacation Plan and the Union, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant who have authorized Defendant to make said withholdings (the "Dues"). Said reports, Contributions and Dues were agreed to be due and payable on the 10th day of each month and would become delinquent on the 15th day of each month following the month in which said hours of work were performed.

10. Defendant agreed by the terms of the Agreements that the prompt and accurate payment of the Contributions is essential to the maintenance of the Trust Funds. Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Funds that would result from the failure of Defendant to pay the Contributions within the time provided. Thus, liquidated damages would be assessed in accordance with the following schedule:

(a) One and one-half percent (1½%) of the principal if late one to thirty (1-30) days;

(b) Three percent (3%) of the principal if late thirty-one to sixty (31-60) days;

(c) One and one-half percent (1½%) will accrue for each additional thirty (30) days late, up to a maximum of eighteen percent (18%) per annum.

11. Defendant failed to pay the Contributions and Dues as required by the Agreements.

12. As such, Defendant is in violation of ERISA section 515 (29 U.S.C. § 1145).

-3-
Complaint to Collect Delinquent Contributions and Dues, Liquidated Damages, Interest, etc.

13. By reason of foregoing, Plaintiffs have been damaged in an amount to be shown through proof at time of trial for the delinquent Contributions and Dues and an amount to be shown through proof at time of trial for liquidated damages due from Defendant.

14. Although Plaintiffs have demanded that Defendant pay the amounts owed, Defendant has failed and refused to pay these amounts to Plaintiffs.

15. The Agreements provide that the Contributions to the Trust Funds unpaid by the due date (the 10th day of the month following the month in which said hours of work were performed) shall bear interest from such date at the rate of ten percent (10%) per annum.

16. Pursuant to the Agreements and ERISA Section 502(g) (29 U.S.C. Section 1132(g)), Plaintiffs are entitled to the Contributions, Dues, liquidated damages, interest, audit fees, attorney fees and costs from Defendant.

17. The Agreements authorize Plaintiffs to examine and audit the books and records of Defendant to determine whether Defendant is making full and prompt payment of the Contributions to the Trust Funds and submission of the Dues to the Vacation Fund and the Union. The Agreements further provide that in the event where an audit discloses that Defendant has failed to correctly report and pay the Contributions and Dues in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, unpaid Contributions, unpaid Dues, liquidated damages, reasonable attorney's fees and any other costs of collection.

18. The Agreements do not require Plaintiffs to exhaust administrative remedies before initiating this action.

19. The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements.

WHEREFORE, Plaintiffs pray a judgment against Defendant as follows:

1.     1.    For principal amount to be shown through proof at time of trial, consisting of Contributions, Dues and liquidated damages;

2.     2.    For interest at the rate of 10% per annum on the Contributions due to the Trust Funds;

3.     3.    For reasonable attorneys' fees incurred herein;

4.     4.    For costs of lawsuit incurred herein;

5.     5.    For an Order requiring Defendant to submit its records to Plaintiffs for audit;

6.     6.    For audit fees incurred herein; and

7.     7.    For such other and further relief as the Court may deem just and proper.

DATED: March 25, 2008

MELISSA W. COOK & ASSOCIATES

By: _____
Melissa W. Cook
Kerry Kessler Fennelly
Attorney for Plaintiffs

Complaint to Collect Delinquent Contributions and Dues, Liquidated Damages, Interest, etc.

## SHORT FORM AGREEMENT

This Agreement is entered into this \_\_\_6TH\_\_\_ day of \_\_\_DARRYL CONSTRUCT\_\_\_ 200\_\_\_ by and between _____, an Employer in the construction industry, hereinafter known as the "Employer", and the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/Area 734 hereinafter known as the "Union".

### I.

This Short Form Agreement, hereinafter "Agreement", shall cover all jobsite work and all jobsite preparation work, including layout, fabrication, installation, service, repair, clean up, and replacement work and the contracting or subcontracting of work to be done at the site of any construction, alteration, demolition, moving, or repair, of any building, structure or other work performed by the Employer in San Diego County and San Clemente Island, California.

### II.

The parties recognize that a Master Labor Agreement covering work done at all jobsites is entered into from time to time between the Union and certain employers in the construction industry. The parties further recognize that these agreements determine the prevailing wages, fringe benefits, and working conditions for employees represented by the Union in this industry. The parties also recognize the Union's historical and traditional policy, unilaterally adopted, of bargaining for uniform wages and working conditions from all employers in the same trade or craft in order to insure uniform benefits for all of the members and employees it represents. The Employer therefore approves of, consents to, ratifies and agrees to be bound by all clauses of the from time to time current Master Labor Agreement existing between the Union and the employers signatory thereto, and further including any amendments, modifications, extensions, changes, supplements, and renewals of said Agreement negotiated by the parties thereto. However, the Employer shall not be bound by clauses in any Master or other labor agreement which have peculiar applicability only to the signatories thereto, as determined by the Union. (Note: Examples of provisions peculiarly applicable only to signatories to that Agreement are provisions covering or relating to the subjects of strikes, lockouts, jurisdictional disputes and procedures for settlement of grievances and disputes.)

## III.

The provisions of this Agreement shall be binding upon the Employer and upon any firm, partnership, company, corporation or other business organization performing work covered by this Agreement in which the Employer has an ownership interest. In the event of any change of ownership, name, or form of the Employer's business organization, the terms and obligations herein contained shall continue in full force and effect as to such organization.

## IV.

A. In lieu of the grievance and arbitration procedures contained in the current Master Labor Agreement, all grievances or disputes between the parties to this Agreement shall be adjusted as provided in this Article.

B. A grievance or dispute by the Employer shall be presented to the Union. A grievance by the Union shall be presented to the Employer.

C. If the parties are unable to resolve the grievance within three (3) days after presentation, the grieving party may write for a list of seven (7) arbitrators to the Federal Mediation and Conciliation Service, or to the State of California Conciliation Service, or to the American Arbitration Association. The party against whom the grievance was filed shall strike the name of an arbitrator from the list, and the parties shall thereafter strike alternately until the name of one person remains, who shall be the arbitrator. The arbitrator's decision on the grievance or dispute shall be final and binding. The arbitrator's authority shall be limited to determining whether or not there was a violation of this Short-Form Agreement. The arbitrator shall not have jurisdiction or authority to add to, amend, modify, nullify or ignore in any way the provisions of this Short Form Agreement. The expenses of the arbitrator shall be borne by the losing party.

D. In the case of grievances or disputes over failure to use the hiring hall or over the subcontracting of work, if the arbitrator finds a violation he or she shall issue an injunction against continued and future violations, and shall award damages to the Union in the amount of the equivalent of the wages and fringe benefits lost by members of the Union and trust funds as a result of the violation.

E. In the event of a claim by the Union that the Employer has another entity which is or should be bound by this Short-Form Agreement, the Union may bring a legal action to enforce such a claim.

F. If legal action by the Union is required to enforce this Short-Form Agreement or an award, the Union shall be entitled to recover its attorneys' fees.

G. Special procedure for enforcement of wage rates. The following procedure applies to enforcement of wage rates:

1. Within 24 hours of a request by the Union to the Employer, the Employer shall make available to an auditor designated by the Union its payroll records, books, and bid, and such other records as are required by the auditor to determine that the Employer is complying with the wage provisions of the current Master Labor Agreement. If the Employer fails to make the documents available within 24 hours, it shall be irrebuttably presumed that a violation occurred.

2. The Union may sue to correct a violation of the wage provisions of the current Master Labor Agreement, and if the court finds a violation, or where there is a presumption of a violation, the Employer shall be liable for the Union's attorneys' fees, audit costs, payment to the employees of the difference between that which they were paid and the amount to which they were entitled, interest to the employees from the date the amounts were due at the highest legal rate, and 20% liquidated damages to the Union on the total amount, or $500.00, whichever is greater.

3. Upon a finding by the Union's auditor of a second violation, the Employer shall lose the benefit of any wage provision of the current Master Labor Agreement providing for the payment of less than the construction rate from the date the violation occurred and for the remainder of the Short-Form Agreement, in addition to the provisions of Section 2, above.

V.

The Employer acknowledges receipt of the current Master Labor Agreement, including all Trust Agreements referred to or incorporated therein, from the Union.

EXHIBIT A
Page 8

## VI.

This Agreement shall become effective on the date hereof and remain in full force and effect for a period of two (2) years, and from year to year thereafter, unless either party has given sixty (60) days' written notice prior to the anniversary date to the other party of intention to terminate, and complies with Section 8 (d) of the Amended Labor Management Relations Act.

**FOR THE EMPLOYER:**

Company Name (print exactly as listed on Contractors License): HARRIS CONCRETE

Signed By: _C. H_____

(Please print name of person whose signature appears on above line): PERCY C. HARRIS

Title: OWNER

Street Address (also P.O. Box No.): 6240 DIXIE DR

City/State/ZipCode: LA MESA, CA 91942

AreaCode/Telephone: (619) 698-3281

License Classification: C 8

State License Number: # 789345

Compensation Carrier: KENNEDY

Disability Carrier: STATE COMP

OPERATIVE PLASTERERS' &
CEMENT MASONS' INTERNATIONAL
ASSOCIATION, LOCAL 500/ Area 744
1807 ROBINSON AVE. #205
San Diego, California 92103

By: _____

**FOR UNION OFFICE REFERENCE ONLY**

Contact By: _____

Date of Contact: _____

A total of 3 copies of this Agreement must be signed:

1 for Union
1 for Trust Office
1 for Employer/to be returned after processing by Union

The Employer also agrees not to sub any of the concrete work that he has bid to a non-signatory contractor.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILE BY FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
San Diego County Cement Masons Group Insurance Trust; San Diego County Cement Masons Pension Trust Fund; (See Attachment)

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Melissa W. Cook & Associates    619-280-4302
3444 Camino del Rio North, Suite 106, San Diego, CA 92108

## DEFENDANTS
Harris Concrete, Inc., a corporation

FILED
08 MAR 25 PM 3:26
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**08 CV 0561 DMS RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

**PERSONAL INJURY**: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights

**PRISONER PETITIONS**: ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sections 1145, 1132(g)(2)
Brief description of cause:
Failure to pay contributions and dues

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/24/2008    SIGNATURE OF ATTORNEY OF RECORD: *Kim Fennelly*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT $350 APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___
149101   3/25/08



ORIGINAL

# ATTACHMENT TO CIVIL COVER SHEET

**Plaintiffs:**

San Diego County Cement Masons Apprentice and Training Trust Fund;
San Diego County Cement Masons Local 500/Area 744 Vacation Plan; and
Operative Plasterers' and Cement Masons' International Association, Local Union 500/Area 744

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

      # 149101     - SH

         March 25, 2008
            15:24:19


         Civ Fil Non-Pris
   USAO #.: 08CV0561
   Judge..: DANA M SABRAW
   Amount.:                 $350.00 CK
   Check#.: BC045766



         Total->  $350.00


      FROM: SD COUNTY CEMENT MASONS GROUP
            V. HARRIS CONCRETE INC
```