1  Steven R. Borer, Esq. (Bar No. 137873)
   Email address: srb@procopio.com
2  Laura B. Riesenberg, Esq. (Bar No. 185830)
   Email address: lbr@procopio.com
3  members of
   PROCOPIO, CORY, HARGREAVES &
4      SAVITCH LLP
   a limited liability partnership
5  530 B Street, Suite 2100
   San Diego, California  92101
6  Telephone: 619.525.3854
   Facsimile: 619.744.5424
7
8  Attorneys for Defendant HARRIS CONCRETE, INC.

9
## UNITED STATES DISTRICT COURT
10
## SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST; SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN; and OPERATIVE PLASTERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744, <br><br> Plaintiffs, <br><br> v. <br><br> HARRIS CONCRETE, INC., a corporation, <br><br> Defendant. | Case No.: 080-CV-0561 DMS RBB <br><br> **ANSWER OF DEFENDANT HARRIS CONCRETE, INC.** <br><br><br> **Judge: Dana M. Sabraw** <br> **Magistrate Judge: Ruben B. Brooks** |

Defendant HARRIS CONCRETE, INC., for its answer to plaintiffs SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST; SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN; and OPERATIVE PLASTERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744, alleges:

///

1. The allegations contained in paragraph 1 of plaintiffs' complaint constitute legal argument for which no answer is required.

2. The allegations contained in paragraph 2 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 2 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

3. The allegations contained in paragraph 3 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 3 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

4. The allegations contained in paragraph 4 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 4 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

5. The allegations contained in paragraph 5 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 5 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

6. The allegations contained in paragraph 6 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 6 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

7. In response to paragraph 7 of plaintiffs' complaint, defendant admits it is a corporation organized and existing under the law of this State with its principal place of business in La Mesa, California.

8. In response to paragraph 8 of plaintiffs' complaint, defendant denies the allegations contained therein.

///

124371/000008/911794.01

9. The allegations contained in paragraph 9 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 9 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

10. In response to paragraph 10 of plaintiffs' complaint, defendant denies the allegations contained therein.

11. In response to paragraph 11 of plaintiffs' complaint, defendant denies the allegations contained therein.

12. In response to paragraph 12 of plaintiffs' complaint, defendant denies the allegations contained therein.

13. The allegations contained in paragraph 13 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 13 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

14. In response to paragraph 14 of plaintiffs' complaint, defendant denies the allegations contained therein.

15. The allegations contained in paragraph 15 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 15 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

16. The allegations contained in paragraph 16 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 16 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

17. The allegations contained in paragraph 17 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 17 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

18. The allegations contained in paragraph 18 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 18 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

19. The allegations contained in paragraph 19 of plaintiffs' complaint constitute legal argument for which no answer is required. To the extent paragraph 19 of plaintiffs' complaint contains factual allegations, defendant lacks sufficient information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses in the alternative as separate and distinct affirmative defenses to the complaint and to each and every purported cause of action therein.

## **FIRST AFFIRMATIVE DEFENSE**

As a first affirmative defense, defendant asserts that plaintiffs have waived any and all claims that they may have or have had against defendant.

## **SECOND AFFIRMATIVE DEFENSE**

As a second affirmative defense, defendant asserts that plaintiffs' claims are barred by the in pari dilecto doctrine and/or the doctrine of unclean hands.

## **THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, by the legal presumption that defendant acted prudently and consistently with any purported fiduciary duties under ERISA and in accordance with the applicable documents and instruments.

## **FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because defendant did not have fiduciary or co-fiduciary responsibility for the statements, acts or omissions alleged in plaintiffs' complaint.

///

124371/000008/911794.01

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because defendant did not breach any fiduciary duty owed to plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because the statements, act or omissions upon which plaintiffs base their claims were not made or performed in a fiduciary capacity.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, defendant asserts that plaintiffs' complaint fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including, but not limited to ERISA section 413(a), 29 U.S.C. section 1113(a).

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, defendant asserts that plaintiffs have waived any right to recovery against defendant.

## TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because any agreement, including but not limited to any collective bargaining agreement, upon which they rely for relief was obtained as a result of misrepresentation and/or fraud.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because they have failed to exhaust applicable administrative remedies.

///

///

///

124371/000008/911794.01

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because they have failed to exhaust applicable grievance procedures, including but not limited to those found in the collective bargaining agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, to the extent any agreement exists with defendant is limited in duration and defendant has satisfied its terms.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, defendant asserts that plaintiffs' claims are barred, in whole or in part, because any claim for contractual liquidated damages is void as a penalty.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, defendant presently has insufficient knowledge or information upon which to form a belief whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

### PRAYER

WHEREFORE, defendants pray as follows:

1. That plaintiffs take nothing by reason of the complaint and that judgment be rendered in favor of defendant;

2. That defendant be awarded its reasonable attorneys' fees incurred herein;

3. That defendant be awarded its costs of suit incurred in defense of this action;

4. For such other relief as the Court deems proper.

DATED: May 20, 2008					PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

					By: */S/ Steven R. Borer*
					Steven R. Borer, Esq.
					Laura B. Riesenberg, Esq.
					Attorneys for Defendant
					HARRIS CONCRETE, INC.

6

124371/000008/911794.01