```
 1  MELISSA W. COOK, ESQ.; SBN 134791
    KERRY K. FENNELLY, ESQ.; SBN: 232621
 2  MELISSA W. COOK & ASSOCIATES
    3444 Camino del Rio North, Suite 106
 3  San Diego, California 92108
    Telephone:  (619) 280-4302
 4  Facsimile:  (619) 280-4304
    MWCCoast@aol.com
 5  kkfennelly@sbcglobal.net

 6  Attorneys for Plaintiffs
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST; SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN; and OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>HARRIS CONCRETE, INC., a corporation,<br><br>　　　　　　　Defendant. | Case No. 08 CV 0561 DMS (RBB)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br><br><br><br><br><br>Hearing Date: July 18, 2008<br>Time:　　　　1:30 p.m.<br>Courtroom:　　10<br>Hon. Dana M. Sabraw<br>Complaint Filed: March 25, 2008 |

Plaintiffs, SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST, SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND, SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND, SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN, and OPERATIVE PLASTERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744,

hereby submit the following Memorandum of Points and Authorities in support of their Motion for Summary Judgment against Defendant, HARRIS CONCRETE, INC., a corporation.

# I

# STATEMENT OF THE CASE

A. STATEMENT OF FACTS

Plaintiffs are the trustees of SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST, SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND, SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND (hereinafter collectively the "Trust Funds"). (Statement of Uncontroverted Facts, submitted herewith, ¶ 1.) The Trust Funds were created to provide employee benefits to cement masons and their dependents. (Statement of Uncontroverted Facts ¶ 2.) The Trust Funds were created and now exist pursuant to section 302(c) of the Labor Management Relations Act of 1947 (hereinafter "LRMA"), 29 U.S.C. § 186(c), and are each part of a multi-employer plan as defined in section 3(37)(A) of the Employee Retirement Income Security Act of 1074 (hereinafter "ERISA"), 29 U.S.C. § 1002(37)(A), and as used in sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145, 1132(g)(2). (Statement of Uncontroverted Facts ¶ 3.) Plaintiffs are also the fiduciaries of the SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN (hereinafter the "Vacation Plan") and the OPERATIVE PLASTERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744 (hereinafter the "Union"). (Statement of Uncontroverted Facts, submitted herewith, ¶ 4.)

On or about January 6, 2002, Percy Harris executed as an agent of Defendant HARRIS CONCRETE, INC. an agreement in writing entitled Short Form Agreement. (Statement of Uncontroverted Facts ¶ 5.) By the Short Form Agreement, which incorporates the terms and provisions of Master Labor Agreements (hereinafter "Collective Bargaining Agreements") and of the Declaration of Trusts (hereinafter "Trust

Agreements") (hereinafter collectively the "Agreements"), and by the rules, regulations and procedures of the Trust Funds, the Vacation Plan and the Union, Defendant is required to submit monthly reports and pay to the Trust Funds, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant (hereinafter "Contributions") and withhold and submit to the Vacation Plan and the Union, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant who have authorized Defendant to make said withholdings (the "Dues"). (Statement of Uncontroverted Facts ¶ 6.) Said reports, Contributions and Dues were agreed to be due and payable on the 10th day of each month and would become delinquent on the 15th day of each month following the month in which said hours of work were performed. (Statement of Uncontroverted Facts ¶ 7.) Defendant is required to submit the monthly reports even if no cement masons are employed. (Statement of Uncontroverted Facts ¶ 8.)

Defendant agreed by the terms of the Agreements that the prompt payment by them of the Contributions is essential to the maintenance of the Trust Funds. (Statement of Uncontroverted Facts ¶ 9.) Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Funds which would result from the failure of Defendant to pay the Contributions within the time provided. (Statement of Uncontroverted Facts ¶ 10.) Thus, liquidated damages would be assessed in accordance with the following schedule:

(a)   One and one-half percent (1½%) of the principal if late one to thirty (1-30) days;

(b)   Three percent (3%) of the principal if late thirty-one to sixty (31-60) days;

(c)   One and one-half percent (1½%) will accrue for each additional thirty (30) days late, up to a maximum of eighteen percent (18%) per annum.

(Statement of Uncontroverted Facts ¶ 11.)

The Agreements provide that the Contributions unpaid by the due date (the

10th day of the month following the month in which said hours of work were preformed) shall bear interest from such date at the rate of ten percent (10%) per annum. (Statement of Uncontroverted Facts ¶ 12.) Additionally, the Agreements authorize Plaintiffs to examine and audit the books and records of Defendant to determine whether Defendant is making fully and prompt payment of the Contributions to the Trust Funds and submission of the Dues to the Vacation Fund and the Union. (Statement of Uncontroverted Facts ¶ 13.) The Agreements further provide that in the event where an audit discloses that Defendant has failed to correctly report and pay the Contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, unpaid Contributions, liquidated damages, reasonable attorney fees and any other costs of collection. (Statement of Uncontroverted Facts ¶ 14.) The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements. (Statement of Uncontroverted Facts ¶ 15.)

Pursuant to the books and records of Plaintiffs, Defendant has failed to submit accurate and prompt monthly reports, to pay Contributions and submit Dues as required by the Agreements for the time period of February, 2007 to the present. (Statement of Uncontroverted Facts ¶ 16.) Although demand has been made for the payment of the unpaid Contributions and Dues, some of which has been collected, there is now due and owing a total of $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid liquidated damages and $7,623.55 in unpaid interest to the Plaintiffs for the months of February, 2007 to April, 2008. (Statement of Uncontroverted Facts ¶ 17.) The amounts set forth above are the amounts owed by Defendant under the Agreements for the period of February, 2007 through April, 2008 only and are based solely upon remittance reports voluntarily submitted to Plaintiffs by Defendant. (Statement of Uncontroverted Facts ¶ 18.) The amounts set forth above do not cover, and expressly exclude, any time period not mentioned above and any amount not known

to Plaintiffs as of the date Plaintiffs submit this Motion, including but not limited to, the Contributions and Dues which might subsequently be revealed by an audit of Defendant's books and records. (Statement of Uncontroverted Facts ¶ 19.) Although demand has been made for Defendant to submit to an audit of its books and records for the time period of January, 2007 to the present, Defendant has refused. (Statement of Uncontroverted Facts ¶ 20.) Pursuant to the Agreements, Plaintiffs are entitled to their reasonable attorney's fees and costs of the lawsuit. (Statement of Uncontroverted Facts ¶ 21.)

B.   PROCEDURAL POSTURE

Plaintiffs filed the Complaint in the above-entitled action on March 25, 2008. Defendant filed its Answer to the Complaint on May 20, 2008.

Plaintiffs and Defendant have engaged in settlement discussions but have been unable to resolve this matter. This Motion is made following the telephone conference of counsel for the parties, which took place on May, 20, 2008.

## II

## **ARGUMENT**

A.   AS A MATTER OF LAW, DEFENDANT IS LIABLE TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS, DUES, LIQUIDATED DAMAGES, INTEREST, AUDIT COSTS, ATTORNEY'S FEES AND LITIGATION COSTS

Section 515 of ERISA, 29 U.S.C. § 1145 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As outlined above, Defendant has failed to submit accurate monthly reports and to pay the Contributions and Dues as required by the Agreements for the time period of February, 2007 to the present. As such, Defendant is in violation of Section 515 of ERISA. Plaintiffs have brought this action simply to recover what it is entitled to from Defendant. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) that includes the unpaid contributions, dues, interest on the unpaid contributions, liquidated

damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions, reasonable attorney's fees and costs incurred in bringing the action and such other legal or equitable relief as the Court deems appropriate.

Section 502(g)(2) was passed by Congress as part of the 1980 amendments to ERISA entitled the Multiemployer Pension Plan Amendments Act (hereinafter "MPAA"). Congress passed the 1980 amendments pertaining to delinquent employer contributions because it "intended that [ERISA's] enforcement provisions should have teeth." *Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1174 (5th Cir. 1985). MPPAA was enacted to counteract

> the serious problem created by the "[f]ailure of employers to make promised contribution[s] in a timely fashion [, which] imposes a variety of costs on plans[.]" . . . "The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies."

*Id.* at 1173 (quoting *Central States, Southeast & Southwest Areas Pension Funds v. Alco Express Co.*, 522 F.Supp. 919, 927, 928 (E.D. Mich. 1981), quoting staff of Senate Comm. on Labor and Human Resources, 96th Cong., 2d Sess., S 1076, the Multiemployer Pension Plan Amendments of 1980: Summary and Analysis of Considerations (Comm. Print 1980) at 43-44). Congress made clear that MPPAA was intended "to compensate funds for the loss of use of delinquent payments and for the costs of collecting delinquencies." *Id.* at 1174.

As a matter of law, this Court should rule that Defendant must pay Plaintiffs the amount of unpaid contributions and dues as calculated by Plaintiffs, as well as the liquidated damages, interest, reasonable attorney's fees, litigation costs and the cost of any audit. Additionally, this Court, as equitable relief, should order Defendant to submit to an audit by Plaintiffs of its books and records for the time period of Janary, 2007 to the present.

///

///

**B.  SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE IS NO GENUINE ISSUE AS TO THE MATERIAL FACTS THAT ESTABLISH DEFENDANT FAILED TO SUBMIT ACCURATE MONTHLY REPORTS, MAKE CONTRIBUTIONS, SUBMIT THE DUES AND SUBMIT TO AN AUDIT BY PLAINTIFFS AS REQUIRED BY THE AGREEMENTS**

There is no genuine issue as to the material facts which establish that Defendant failed to submit accurate monthly reports, make contributions and submit the dues to Plaintiffs and to submit to an audit by Plaintiffs as required by the Agreements. Pursuant to the books and records of Plaintiffs, there is now due, owing and unpaid a balance of $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid liquidated damages and $7,623.55 in unpaid interest to Plaintiffs for the months of February, 2007 to April, 2008. Further, Plaintiffs' records support that although demand has been made for Defendant to submit to an audit of its books and records for the time period of January, 2007 to the present, Defendant has refused. Thus, Plaintiffs are absolutely entitled to the unpaid contributions, dues, interest, liquidated damages, and reasonable attorney's fees and litigation costs as well as an order to compelling Defendant to submit to an audit. See ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)).

### III

### CONCLUSION

Defendant has failed to accurately report and pay Contributions and submit Dues from time period of February, 2007 to the present to Plaintiffs. Plaintiffs are entitled to a judgment of $130,586.92 for unpaid Contributions, Dues, liquidated damages, and interest. Additionally, Plaintiffs are entitled to their reasonable attorney's fees and litigation costs. Lastly, Plaintiffs are entitled to a court order compelling Defendant to submit to and audit by Plaintiffs of its books and records.

DATED: June 6, 2008                    MELISSA W. COOK & ASSOCIATES

By: */S/ Kerry K. Fennelly*
Melissa W. Cook
Kerry K. Fennelly
Attorneys for Plaintiffs
Email: kkfennelly@sbcglobal.net