MELISSA W. COOK, ESQ.; SBN 134791
KERRY K. FENNELLY, ESQ.; SBN: 232621
MELISSA W. COOK & ASSOCIATES
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Telephone: (619) 280-4302
Facsimile: (619) 280-4304
MWCCoast@aol.com
kkfennelly@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST; SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND; SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN; and OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744, <br><br>Plaintiffs, <br><br>v. <br><br>HARRIS CONCRETE, INC., a corporation, <br><br>Defendant. | Case No. 08 CV 0561 DMS (RBB) <br><br>DECLARATION OF SANDRA EATCHEL IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT <br><br><br><br><br>Hearing Date: July 18, 2008 <br>Time:           1:30 p.m. <br>Courtroom:   10 <br>Hon. Dana M. Sabraw <br>Complaint Filed: March 25, 2008 |

I, Sandra Eatchel, hereby declare as follows:

1.      I am employed as the Administrative Representative with Allied Administrators, the third-party administer that administers Plaintiffs San Diego County Cement Masons Group Insurance Trust, San Diego County Cement Masons Pension Trust Fund and San Diego County Cement Masons Apprentice and Training Trust Fund (hereinafter the "Trust Funds") and also collects the amounts due to the San Diego

County Cement Masons Local 500/Area 744 Vacation Plan (hereinafter "Vacation Plan") and Operative Plasterers' and Cement Masons' International Association, Local Union 500/Area 744 (hereinafter "Union"). I am authorized to execute this declaration on behalf of Plaintiffs.

2. I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would completely testify thereto.

3. The Trust Funds were created to provide employee benefits to cement masons and their dependents.

4. The Trust Funds were created and now exist pursuant to section 302(c) of the Labor Management Relations Act of 1947 (hereinafter "LRMA"), 29 U.S.C. § 186(c), and are each part of a multi-employer plan as defined in section 3(37)(A) of the Employee Retirement Income Security Act of 1074 (hereinafter "ERISA"), 29 U.S.C. § 1002(37)(A), and as used in sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145, 1132(g)(2).

5. On or about January 6, 2002, Percy Harris executed as an agent of Defendant HARRIS CONCRETE, INC. an agreement in writing entitled Short Form Agreement. A true and correct copy of the Short Form Agreement executed by Percy Harris is attached hereto as Exhibit "A".

6. By the Short Form Agreement, which incorporates the terms and provisions of Master Labor Agreements (hereinafter "Collective Bargaining Agreements") and of the Declaration of Trusts (hereinafter "Trust Agreements") (hereinafter collectively the "Agreements"), and by the rules, regulations and procedures of the Trust Funds, the Vacation Plan and the Union, Defendant is required to submit monthly reports and pay to the Trust Funds, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant (hereinafter "Contributions") and withhold and submit to the Vacation Plan and the Union, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant who have authorized Defendant

to make said withholdings (the "Dues").

7. Said reports, Contributions and Dues were agreed to be due and payable on the 10th day of each month and would become delinquent on the 15th day of each month following the month in which said hours of work were performed.

8. Defendant is required to submit the monthly reports even if no cement masons are employed.

9. Defendant agreed by the terms of the Agreements that the prompt payment by them of the Contributions is essential to the maintenance of the Trust Funds.

10. Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Funds which would result from the failure of Defendant to pay the Contributions within the time provided.

11. Thus, liquidated damages would be assessed in accordance with the following schedule:

    (a) One and one-half percent (1½%) of the principal if late one to thirty (1-30) days;

    (b) Three percent (3%) of the principal if late thirty-one to sixty (31-60) days;

    (c) One and one-half percent (1½%) will accrue for each additional thirty (30) days late, up to a maximum of eighteen percent (18%) per annum.

12. The Agreements provide that the Contributions unpaid by the due date (the 10th day of the month following the month in which said hours of work were preformed) shall bear interest from such date at the rate of ten percent (10%) per annum.

13. Additionally, the Agreements authorize Plaintiffs to examine and audit the books and records of Defendant to determine whether Defendant is making fully and prompt payment of the Contributions to the Trust Funds and submission to the Vacation Fund and the Union.

14. The Agreements further provide that in the event where an audit

discloses that Defendant has failed to correctly report and pay the Contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, unpaid Contributions, liquidated damages, reasonable attorney fees and any other costs of collection.

15. The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements.

16. One of my duties as Administrative Representative is to oversee the collection and assessment of the Contributions, Dues, liquidated damages and interest owed to the Trust Funds, the Vacation Plan and the Union by contractors to the Agreement including Defendant.

17. In my capacity as Administrative Representative, I have in my custody and control the books and records of Plaintiffs which pertain to the amounts owed by Defendant to the Trust Funds, Vacation Plan and Union. The records are made at or near the time of the act which is recorded therein. They are made by an employee who is charged with the duty of making such an entry.

18. Pursuant to the books and records of Plaintiffs, Defendant has failed to submit accurate and prompt monthly reports, to pay Contributions and submit Dues as required by the Agreements for the time period of February, 2007 to the present.

19. Although demand has been made for the payment of the unpaid Contributions and Dues, some of which has been collected, there is now due and owing a total of $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid liquidated damages and $7,623.55 in unpaid interest to the Plaintiffs for the months of February, 2007 to April, 2008. The breakdown of the sums owed as calculated by my staff under my direction is as stated in Exhibit "B" attached hereto.

20. The amounts set forth above are the amounts owed by Defendant under the Agreements for the period of February, 2007 through April, 2008 only and are based solely upon remittance reports voluntarily submitted to Plaintiffs by Defendant.

21. The amounts set forth above do not cover, and expressly exclude, any time period not mentioned above and any amount not known to Plaintiffs as of the date Plaintiffs submit this Motion, including but not limited to, the Contributions and Dues which might subsequently be revealed by an audit of Defendant's books and records.

22. Although demand has been made for Defendant to submit to an audit of its books and records for the time period of January, 2007 to the present, Defendant has refused.

23. Pursuant to the Agreements, Plaintiffs are entitled to their reasonable attorney's fees and costs of the lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on  6/5/08 , 2008

*Sandra Eatchel*
Sandra Eatchel

Declaration of Sandra Eatchel                                    Case No. 08 CV 0561 DMS (RBB)

## SHORT FORM AGREEMENT

This Agreement is entered into this **6TH** day of **MARCH CONCRETE**, 2000, by and between **JDL**, an Employer in the construction industry, hereinafter known as the "Employer", and the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/Area 754 hereinafter known as the "Union".

### I.

This Short Form Agreement, hereinafter "Agreement", shall cover all jobsite work and all jobsite preparation work, including layout, fabrication, installation, service, repair, clean up, and replacement work and the contracting or subcontracting of work to be done at the site of any construction, alteration, demolition, moving, or repair, of any building, structure or other work performed by the Employer in San Diego County and San Clemente Island, California.

### II.

The parties recognize that a Master Labor Agreement covering work done at all jobsites is entered into from time to time between the Union and certain employers in the construction industry. The parties further recognize that these agreements determine the prevailing wages, fringe benefits, and working conditions for employees represented by the Union in this industry. The parties also recognize the Union's historical and traditional policy, unilaterally adopted, of bargaining for uniform wages and working conditions from all employers in the same trade or craft in order to insure uniform benefits for all of the members and employees it represents. The Employer therefore approves of, consents to, ratifies and agrees to be bound by all clauses of the from time to time current Master Labor Agreement existing between the Union and the employers signatory thereto, and further including any amendments, modifications, extensions, changes, supplements, and renewals of said Agreement negotiated by the parties thereto. However, the Employer shall not be bound by clauses in any Master or other labor agreement which have peculiar applicability only to the signatories thereto, as determined by the Union. (Note: Examples of provisions peculiarly applicable only to signatories to that Agreement are provisions covering or relating to the subjects of strikes, lockouts, jurisdictional disputes and procedures for settlement of grievances and disputes.)

EXHIBIT A
Page 6

## III.

The provisions of this Agreement shall be binding upon the Employer and upon any firm, partnership, company, corporation or other business organization performing work covered by this Agreement in which the Employer has an ownership interest. In the event of any change of ownership, name, or form of the Employer's business organization, the terms and obligations herein contained shall continue in full force and effect as to such organization.

## IV.

A. In lieu of the grievance and arbitration procedures contained in the current Master Labor Agreement, all grievances or disputes between the parties to this Agreement shall be adjusted as provided in this Article.

B. A grievance or dispute by the Employer shall be presented to the Union. A grievance by the Union shall be presented to the Employer.

C. If the parties are unable to resolve the grievance within three (3) days after presentation, the grieving party may write for a list of seven (7) arbitrators to the Federal Mediation and Conciliation Service, or to the State of California Conciliation Service, or to the American Arbitration Association. The party against whom the grievance was filed shall strike the name of an arbitrator from the list, and the parties shall thereafter strike alternately until the name of one person remains, who shall be the arbitrator. The arbitrator's decision on the grievance or dispute shall be final and binding. The arbitrator's authority shall be limited to determining whether or not there was a violation of this Short-Form Agreement. The arbitrator shall not have jurisdiction or authority to add to, amend, modify, nullify or ignore in any way the provisions of this Short Form Agreement. The expenses of the arbitrator shall be borne by the losing party.

D. In the case of grievances or disputes over failure to use the hiring hall or over the subcontracting of work, if the arbitrator finds a violation he or she shall issue an injunction against continued and future violations, and shall award damages to the Union in the amount of the equivalent of the wages and fringe benefits lost by members of the Union and trust funds as a result of the violation.

E. In the event of a claim by the Union that the Employer has another entity which is or should be bound by this Short-Form Agreement, the Union may bring a legal action to enforce such a claim.

F. If legal action by the Union is required to enforce this Short-Form Agreement or an award, the Union shall be entitled to recover its attorneys' fees.

G. Special procedure for enforcement of wage rates. The following procedure applies to enforcement of wage rates:

1. Within 24 hours of a request by the Union to the Employer, the Employer shall make available to an auditor designated by the Union its payroll records, books, and bid, and such other records as are required by the auditor to determine that the Employer is complying with the wage provisions of the current Master Labor Agreement. If the Employer fails to make the documents available within 24 hours, it shall be irrebuttably presumed that a violation occurred.

2. The Union may sue to correct a violation of the wage provisions of the current Master Labor Agreement, and if the court finds a violation, or where there is a presumption of a violation, the Employer shall be liable for the Union's attorneys' fees, audit costs, payment to the employees of the difference between that which they were paid and the amount to which they were entitled, interest to the employees from the date the amounts were due at the highest legal rate, and 20% liquidated damages to the Union on the total amount, or $500.00, whichever is greater.

3. Upon a finding by the Union's auditor of a second violation, the Employer shall lose the benefit of any wage provision of the current Master Labor Agreement providing for the payment of less than the construction rate from the date the violation occurred and for the remainder of the Short-Form Agreement, in addition to the provisions of Section 2, above.

V.

The Employer acknowledges receipt of the current Master Labor Agreement, including all Trust Agreements referred to or incorporated therein, from the Union.

EXHIBIT A
Page 8

## VI.

This Agreement shall become effective on the date hereof and remain in full force and effect for a period of two (2) years, and from year to year thereafter, unless either party has given sixty (60) days' written notice prior to the anniversary date to the other party of intention to terminate, and complies with Section 8 (d) of the Amended Labor Management Relations Act.

FOR THE EMPLOYER:

HARRIS CONCRETE
Company Name (print exactly as listed on Contractors License)

_[signature]_
Signed By

Percy C. Harris
(Please print name of person whose signature appears on above line)

OWNER
Title

6240 DIXIE DR
Street Address (also P.O. Box No.)

LA MESA, CA 91942
City/State/ZipCode

(619) 698-8281
AreaCode/Telephone

License Classification C8

#789345
State License Number

KENNEDY IND
Compensation Carrier

SPARK COMP
Disability Carrier

OPERATIVE PLASTERERS' &
CEMENT MASONS' INTERNATIONAL
ASSOCIATION, LOCAL 500/ Area 744
1807 ROBINSON AVE. #205
San Diego, California 92103

_[signature]_
By

_____

FOR UNION OFFICE REFERENCE ONLY

Contact By:_____

Date of Contact:_____

A total of 3 copies of this Agreement must be signed:

1 for Union
1 for Trust Office
1 for Employer/to be returned after processing by Union

The Employer also agrees not to sub any of the concrete work that he has bid to a non-signatory contractor.

EXHIBIT A
Page 9

## HARRIS CONCRETE

### TOTAL OWE

| | |
|---|---|
| PRINCIPLE | $ 109,246.55 |
| LD'S | 13,716.82 |
| INTEREST | 7,623.55 |
| | __$ 130,586.92__ AS OF 06/13/08 |

## HARRIS CONCRETE

### REPORTS

| | VAC | H&W | PEN | DUES | APPR | TOTAL |
|---|---|---|---|---|---|---|
| Feb-07 | $ 6,367.51 | $ 14,191.66 | $ 3,905.40 | $ 3,727.10 | $ 1,290.16 | $ 29,481.83 |
| Mar-07 | 7,792.88 | 17,186.41 | 4,779.63 | 4,513.60 | 1,562.41 | 35,834.93 |
| Apr-07 | 6,213.38 | 14,186.71 | 3,810.87 | 3,725.80 | 1,289.71 | 29,226.47 |
| May-07 | 6,206.63 | 15,540.53 | 3,806.73 | 4,081.35 | 1,412.78 | 31,048.02 |
| Jun-07 | 7,171.88 | 18,960.98 | 4,398.75 | 4,979.65 | 1,723.73 | 37,234.99 |
| Jul-07 | 3,230.00 | 8,132.25 | 1,782.96 | 2,246.05 | 774.50 | 16,165.76 |
| Aug-07 | 4,820.00 | 11,825.63 | 2,660.64 | 3,266.13 | 1,126.25 | 23,698.65 |
| Sep-07 | 5,708.75 | 13,563.38 | 3,151.23 | 3,746.08 | 1,291.75 | 27,461.19 |
| Oct-07 | 4,553.75 | 10,326.76 | 2,513.67 | 2,852.16 | 983.50 | 21,229.84 |
| Nov-07 | 3,568.75 | 7,630.88 | 1,969.95 | 2,107.58 | 726.75 | 16,003.91 |
| Dec-07 | 4,532.50 | 10,733.64 | 2,501.94 | 2,964.54 | 1,022.25 | 21,754.87 |
| Jan-08 | 5,193.75 | 12,526.50 | 2,866.95 | 3,459.70 | 1,193.00 | 25,239.90 |
| Feb-08 | 3,727.50 | 9,072.00 | 2,057.58 | 2,505.60 | 864.00 | 18,226.68 |
| Mar-08 | 500.00 | 1,050.00 | 276.00 | 290.00 | 100.00 | 2,216.00 |
| Apr-08 | 400.00 | 840.00 | 220.80 | 232.00 | 80.00 | 1,772.80 |
| TOTAL AMOUNT DUE | $ 69,987.28 | $ 165,767.33 | $ 40,703.10 | $ 44,697.34 | $ 15,440.79 | $ 336,595.84 |

### SUMMARY

| CHECK # | DEP DATE | AMOUNT |
|---|---|---|
| CK11636 | 7/5/2007 | $ (29,481.83) |
| CK11656 | 7/5/2007 | (35,834.93) |
| CK11808 | 9/10/2007 | (12,828.73) |
| CK11809 | 9/10/2007 | (6,334.07) |
| CK11807 | 9/10/2007 | (4,689.82) |
| CK11843 | 9/10/2007 | (14,786.32) |
| CK11917 | 11/6/2007 | (23,698.65) |
| CK27653 - DIEGAN | 11/16/2007 | (35,000.00) |
| CK11999 | 11/16/2007 | (27,461.19) |
| CK12051 | 1/25/2008 | (21,229.84) |
| CK12144 | 2/8/2008 | (16,003.91) |
| | | $ (227,349.29) |

| | |
|---|---:|
| TOTAL AMOUNT DUE | $336,595.84 |
| TOTAL AMOUNT PAID | (227,349.29) |
| REMAINING BALANCE | **$109,246.55** |

# HARRIS CONCRETE
## LD'S AND INTEREST CALCULATION

| | AMOUNT DUE | DUE DATE | DEPOSIT DATE | DAYS LATE | DAILY INT | INTEREST | DAILY LD'S | LDS | |
|---|---|---|---|---|---|---|---|---|---|
| Feb-07 | $ 19,387.22 | 3/15/2007 | 5/21/2007 | 67 | 0.027400% | $ 355.91 | 0.049300% | $ 640.38 | |
| Mar-07 | 23,528.45 | 4/16/2007 | 5/29/2007 | 43 | 0.027400% | 277.21 | 0.049300% | 498.78 | |
| Apr-07 | 19,287.29 | 5/15/2007 | 8/27/2007 | 104 | 0.027400% | 549.61 | 0.049300% | 988.90 | |
| May-07 | 20,760.04 | 6/15/2007 | 11/6/2007 | 144 | 0.027400% | 819.11 | 0.049300% | 1,473.80 | |
| Jun-07 | 25,083.46 | 7/16/2007 | 11/16/2007 | 123 | 0.027400% | 845.36 | 0.049300% | 1,521.04 | |
| Jul-07 | 10,689.71 | 8/15/2007 | 11/16/2007 | 93 | 0.027400% | 272.40 | 0.049300% | 490.11 | |
| Aug-07 | 15,612.52 | 9/17/2007 | 1/25/2008 | 130 | 0.027400% | 556.12 | 0.049300% | 1,000.61 | |
| | | | | | | $ 3,675.72 | | $ 6,613.61 | **TOTAL** $ 10,289.33 |

*** REPORTS NOT PAID YET AS OF JUNE 13, 2008......

| | AMOUNT DUE | DUE DATE | DEPOSIT DATE | DAYS LATE | DAILY INT | INTEREST | DAILY LD'S | LDS | |
|---|---|---|---|---|---|---|---|---|---|
| Sep-07 | $ 18,006.36 | 10/15/2007 | 6/13/2008 | 242 | 0.027400% | $ 1,193.97 | 0.049300% | $ 2,148.27 | |
| Oct-07 | 13,823.93 | 11/15/2007 | 6/13/2008 | 211 | 0.027400% | 799.22 | 0.049300% | 1,438.01 | |
| Nov-07 | 10,327.58 | 12/17/2007 | 6/13/2008 | 179 | 0.027400% | 506.53 | 0.049300% | 911.38 | |
| Dec-07 | 14,257.83 | 1/15/2008 | 6/13/2008 | 150 | 0.027400% | 586.00 | 0.049300% | 1,054.37 | |
| Jan-08 | 16,586.45 | 2/15/2008 | 6/13/2008 | 119 | 0.027400% | 540.82 | 0.049300% | 973.08 | |
| Feb-08 | 11,993.58 | 3/17/2008 | 6/13/2008 | 88 | 0.027400% | 289.19 | 0.049300% | 520.33 | |
| | 1,426.00 | 4/15/2008 | 6/13/2008 | 59 | 0.027400% | 23.05 | 0.049300% | 41.48 | |
| | 1,140.80 | 5/15/2008 | 6/13/2008 | 29 | 0.027400% | 9.06 | 0.049300% | 16.31 | |
| | | | | | | $ 3,947.83 | | $ 7,103.21 | **STILL ACCRUING** $ 11,051.04 |

## HARRIS CONCRETE

| | VAC | H&W | PEN | REPORTS DUES | APPR | TOTAL | PAID | STILL OWE |
|---|---|---|---|---|---|---|---|---|
| Feb-07 | $ 6,367.51 | $ 14,191.66 | $ 3,905.40 | $ 3,727.10 | $ 1,290.16 | $ 29,481.83 | $ 29,481.83 | |
| Mar-07 | 7,792.88 | 17,186.41 | 4,779.63 | 4,513.60 | 1,562.41 | 35,834.93 | 35,834.93 | |
| Apr-07 | 6,213.38 | 14,186.71 | 3,810.87 | 3,725.80 | 1,289.71 | 29,226.47 | 29,226.47 | |
| May-07 | 6,206.63 | 15,540.53 | 3,806.73 | 4,081.35 | 1,412.78 | 31,048.02 | 31,048.02 | |
| Jun-07 | 7,171.88 | 18,960.98 | 4,398.75 | 4,979.65 | 1,723.73 | 37,234.99 | 37,234.99 | |
| Jul-07 | 3,230.00 | 8,132.25 | 1,782.96 | 2,246.05 | 774.50 | 16,165.76 | 16,165.76 | |
| Aug-07 | 4,820.00 | 11,825.63 | 2,660.64 | 3,266.13 | 1,126.25 | 23,698.65 | 23,698.65 | |
| Sep-07 | 5,708.75 | 13,563.38 | 3,151.23 | 3,746.08 | 1,291.75 | 27,461.19 | 24,658.64 | 2,802.55 |
| Oct-07 | 4,553.75 | 10,326.76 | 2,513.67 | 2,852.16 | 983.50 | 21,229.84 | | 21,229.84 |
| Nov-07 | 3,568.75 | 7,630.88 | 1,969.95 | 2,107.58 | 726.75 | 16,003.91 | | 16,003.91 |
| Dec-07 | 4,532.50 | 10,733.64 | 2,501.94 | 2,964.54 | 1,022.25 | 21,754.87 | | 21,754.87 |
| Jan-08 | 5,193.75 | 12,526.50 | 2,866.95 | 3,459.70 | 1,193.00 | 25,239.90 | | 25,239.90 |
| Feb-08 | 3,727.50 | 9,072.00 | 2,057.58 | 2,505.60 | 864.00 | 18,226.68 | | 18,226.68 |
| Mar-08 | 500.00 | 1,050.00 | 276.00 | 290.00 | 100.00 | 2,216.00 | | 2,216.00 |
| Apr-08 | 400.00 | 840.00 | 220.80 | 232.00 | 80.00 | 1,772.80 | | 1,772.80 |
| | $ 69,987.28 | $ 165,767.33 | $ 40,703.10 | $ 44,697.34 | $ 15,440.79 | $ 336,595.84 | $ 227,349.29 | $ 105,257.75 |

| CHECK # | DEP DATE | AMOUNT |
|---|---|---|
| CK11636 | 5/21/2007 | $ (29,481.83) |
| CK11656 | 5/29/2007 | (35,834.93) |
| CK11808 | 7/31/2007 | (12,828.73) |
| CK11809 | 7/31/2007 | (6,334.07) |
| CK11807 | 7/31/2007 | (4,689.82) |
| CK11843 | 8/27/2007 | (14,786.32) |
| CK11917 | 11/6/2007 | (23,698.65) |
| CK27653 - DIEGAN | 11/16/2007 | (35,000.00) |
| CK11999 | 11/16/2007 | (27,461.19) |
| CK12051 | 1/25/2008 | (21,229.84) |
| CK12144 | 2/8/2008 | (16,003.91) |
| | | $ (227,349.29) |

## HARRIS CONCRETE
### LD'S AND INTEREST CALCULATION

| | AMOUNT DUE **** | DUE DATE | DEPOSIT DATE | DAYS LATE | DAILY INT | INTEREST | DAILY LD'S | LDS |
|---|---|---|---|---|---|---|---|---|
| | $ 19,387.22 | 3/15/2007 | 5/21/2007 | 67 | 0.027400% | $ 355.91 | 0.049300% | $ 640.38 |
| | 23,528.45 | 4/16/2007 | 5/29/2007 | 43 | 0.027400% | 277.21 | 0.049300% | 498.78 |
| | 19,287.29 | 5/15/2007 | 8/27/2007 | 104 | 0.027400% | 549.61 | 0.049300% | 988.90 |
| | 20,760.04 | 6/15/2007 | 11/6/2007 | 144 | 0.027400% | 819.11 | 0.049300% | 1,473.80 |
| | 25,083.46 | 7/16/2007 | 11/16/2007 | 123 | 0.027400% | 845.36 | 0.049300% | 1,521.04 |
| | 10,689.71 | 8/15/2007 | 11/16/2007 | 93 | 0.027400% | 272.40 | 0.049300% | 490.11 |
| | 15,612.52 | 9/17/2007 | 1/25/2008 | 130 | 0.027400% | 556.12 | 0.049300% | 1,000.61 |
| | 18,006.36 | 10/15/2007 | 6/13/2008 | 242 | 0.027400% | 1,193.97 | 0.049300% | 2,148.27 |
| | 13,823.93 | 11/15/2007 | 6/13/2008 | 211 | 0.027400% | 799.22 | 0.049300% | 1,438.01 |
| | 10,327.58 | 12/17/2007 | 6/13/2008 | 179 | 0.027400% | 506.53 | 0.049300% | 911.38 |
| | 14,257.83 | 1/15/2008 | 6/13/2008 | 150 | 0.027400% | 586.00 | 0.049300% | 1,054.37 |
| | 16,586.45 | 2/15/2008 | 6/13/2008 | 119 | 0.027400% | 540.82 | 0.049300% | 973.08 |
| | 11,993.58 | 3/17/2008 | 6/13/2008 | 88 | 0.027400% | 289.19 | 0.049300% | 520.33 |
| | 1,426.00 | 4/15/2008 | 6/13/2008 | 59 | 0.027400% | 23.05 | 0.049300% | 41.48 |
| | 1,140.80 | 5/15/2008 | 6/13/2008 | 29 | 0.027400% | 9.06 | 0.049300% | 16.31 |