1  MELISSA W. COOK, ESQ.; SBN 134791
   KERRY K. FENNELLY, ESQ.; SBN: 232621
2  MELISSA W. COOK & ASSOCIATES
   3444 Camino del Rio North, Suite 106
3  San Diego, California 92108
   Telephone:  (619) 280-4302
4  Facsimile:  (619) 280-4304
   MWCCoast@aol.com
5  kkfennelly@sbcglobal.net

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  SAN DIEGO COUNTY CEMENT          )   Case No. 08 CV 0561 DMS (RBB)
    MASONS GROUP INSURANCE           )
11  TRUST; SAN DIEGO COUNTY          )   [Proposed] STATEMENT OF
    CEMENT MASONS PENSION TRUST      )   UNCONTROVERTED FACTS
12  FUND; SAN DIEGO COUNTY           )   AND CONCLUSIONS OF LAW
    CEMENT MASONS APPRENTICE         )
13  AND TRAINING TRUST FUND; SAN     )
    DIEGO COUNTY CEMENT MASONS       )
14  LOCAL 500/AREA 744 VACATION      )
    PLAN; and OPERATIVE              )
15  PLASTERERS' AND CEMENT           )
    MASONS' INTERNATIONAL            )
16  ASSOCIATION, LOCAL UNION         )
    500/AREA 744,                    )
17                                   )
                 Plaintiffs,         )
18                                   )
             v.                      )
19                                   )   Hearing Date:  July 18, 2008
    HARRIS CONCRETE, INC., a         )   Time:           1:30 p.m.
20  corporation,                     )   Courtroom:      10
                                     )   Hon. Dana M. Sabraw
21               Defendant.          )   Complaint Filed: March 25, 2008
                                     )
22  _____)

23       After consideration of the papers in support of and in opposition to Plaintiffs'

24  Motion for Summary Judgment and the oral argument of counsel, the Court

25  determines that the following facts have been established as,

26  / / /

27  / / /

28  / / /

KKF/mdn/0356.21(l).wpd
[Proposed] Statement of Uncontroverted Facts and Conclusions of Law        Case No. 08 CV 0561 DMS (RBB)

# UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiffs are the trustees of SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST, SAN DIEGO COUNTY CEMENT MASONS PENSION TRUST FUND, SAN DIEGO COUNTY CEMENT MASONS APPRENTICE AND TRAINING TRUST FUND (hereinafter collectively the "Trust Funds"). | Declaration of Sandra Eatchel [hereinafter "Eatchel Decl."] submitted herewith, ¶ 1. |
| 2. The Trust Funds were created to provide employee benefits to cement masons and their dependents. | Eatchel Decl., ¶ 3. |
| 3. The Trust Funds were created and now exist pursuant to section 302(c) of the Labor Management Relations Act of 1947 (hereinafter "LRMA"), 29 U.S.C. § 186(c), and are each part of a multi-employer plan as defined in section 3(37)(A) of the Employee Retirement Income Security Act of 1074 (hereinafter "ERISA"), 29 U.S.C. § 1002(37)(A), and as used in sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145, 1132(g)(2). | Eatchel Decl., ¶ 4. |
| 4. Plaintiffs are also the fiduciaries of the SAN DIEGO COUNTY CEMENT MASONS LOCAL 500/AREA 744 VACATION PLAN (hereinafter the "Vacation Plan") and the OPERATIVE PLASTERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/AREA 744 (hereinafter the "Union"). | Eatchel Decl., ¶ 1. |
| 5. On or about January 6, 2002, Percy Harris executed as an agent of Defendant HARRIS CONCRETE, INC. an agreement in writing entitled Short Form Agreement.<br><br>///<br>////<br>///<br>/// | Eatchel Decl., ¶ 5. |

-2-

| | |
|---|---|
| 6.    By the Short Form Agreement, which incorporates the terms and provisions of Master Labor Agreements (hereinafter "Collective Bargaining Agreements") and of the Declaration of Trusts (hereinafter "Trust Agreements") (hereinafter collectively the "Agreements"), and by the rules, regulations and procedures of the Trust Funds, the Vacation Plan and the Union, Defendant is  required to submit monthly reports and pay to the Trust Funds, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant (hereinafter "Contributions") and withhold and submit to the Vacation Plan and the Union, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant who have authorized Defendant to make said withholdings (the "Dues"). | Eatchel Decl., ¶ 6. |
| 7.    Said reports, Contributions and Dues were agreed to be due and payable on the 10th day of each month and would become delinquent on the 15th day of each month following the month in which said hours of work were performed. | Eatchel Decl., ¶ 7. |
| 8.    Defendant is required to submit the monthly reports even if no cement masons are employed. | Eatchel Decl., ¶ 8. |
| 9.    Defendant agreed by the terms of the Agreements that the prompt payment by them of the Contributions is essential to the maintenance of the Trust Funds. | Eatchel Decl., ¶ 9. |
| 10.    Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Funds which would result from the failure of Defendant to pay the Contributions within the time provided. | Eatchel Decl., ¶ 10. |

///

///

///

-3-

| | |
|---|---|
| 11.   Thus, liquidated damages would be assessed in accordance with the following schedule:<br>    (a)    One and one-half percent (1½%) of the principal if late one to thirty (1-30) days;<br>    (b)    Three percent (3%) of the principal if late thirty-one to sixty (31-60) days;<br>    (c)    One and one-half percent (1½%) will accrue for each additional thirty (30) days late, up to a maximum of eighteen percent (18%) per annum. | Eatchel Decl., ¶ 11. |
| 12.   The Agreements provide that the Contributions unpaid by the due date (the 10th day of the month following the month in which said hours of work were preformed) shall bear interest from such date at the rate of ten percent (10%) per annum. | Eatchel Decl., ¶ 12. |
| 13.   Additionally, the Agreements authorize Plaintiffs to examine and audit the books and records of Defendant to determine whether Defendant is making fully and prompt payment of the Contributions to the Trust Funds and submission of the Dues to the Vacation Fund and the Union. | Eatchel Decl., ¶ 13. |
| 14.   The Agreements further provide that in the event where an audit discloses that Defendant has failed to correctly report and pay the Contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, unpaid Contributions, liquidated damages, reasonable attorney fees and any other costs of collection. | Eatchel Decl., ¶ 14. |
| 15.   The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements. | Eatchel Decl., ¶ 15. |

///

| | |
|---|---|
| 16.  Pursuant to the books and records of Plaintiffs, Defendant has failed to submit accurate and prompt monthly reports,  to pay Contributions and submit Dues  as required by the Agreements for the time period of February, 2007 to the present. | Eatchel Decl., ¶ 18. |
| 17.  Although demand has been made for the payment of the unpaid Contributions and Dues, some of which has been collected, there is now due and owing a total of $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid liquidated damages and $7,623.55 in unpaid interest to the Plaintiffs for the months of February, 2007 to April, 2008. | Eatchel Decl., ¶ 19. |
| 18.  The amounts set forth above are the amounts owed by Defendant under the Agreements for the period of February, 2007 through April, 2008 only and are based solely upon remittance reports voluntarily submitted to Plaintiffs by Defendant. | Eatchel Decl., ¶ 20. |
| 19.  The amounts set forth above do not cover, and expressly exclude, any time period not mentioned above and any amount not known to Plaintiffs as of the date Plaintiffs submit this Motion, including but not limited to, the Contributions and Dues which might subsequently be revealed by an audit of Defendant's books and records. | Eatchel Decl., ¶ 21. |
| 20.  Although demand has been made for Defendant to submit to an audit of its books and records for the time period of February, 2007 to the present, Defendant has refused. | Eatchel Decl., ¶ 22. |
| 21.  Pursuant to the Agreements, Plaintiffs are entitled to their reasonable attorney's fees and costs of the lawsuit. | Eatchel Decl., ¶ 23. |

Based on the foregoing Uncontroverted Facts, the Court now makes its,

## **CONCLUSIONS OF LAW**

1.    This Court has jurisdiction of this case under section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. § 1132(e)).

-5-

2.     Defendant has failed to submit accurate monthly reports and to pay Contributions and Dues to Plaintiffs as required by the Agreements for the time period of February, 2007 to the present.

3.     Defendant has failed to submit to an audit of Defendant's books and records covering the time period of February, 2007 to the present as required by the Agreements.

4.     As such, pursuant to the Agreements and ERISA Sections 515 and 502(g)(2), 29 U.S.C. Sections 1145 and 1132(g)(2), Defendant is liable to Plaintiffs for $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid liquidated damages and $7,623.55 in unpaid interest for the months of February, 2007 to April, 2008.

5.     Plaintiffs are entitled to reasonable attorney's fees and costs of this lawsuit.

6.     Judgment shall be entered in Plaintiff's favor consistent herewith.

DATED:

_____
DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law          Case No. 08 CV 0561 DMS (RBB)