| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>KERRY K. FENNELLY, ESQ. (State Bar # 232621)<br>MELISSA W. COOK & ASSOCIATES<br>3444 Camino del Rio North, Suite 106<br>San Diego, CA 92108<br>TELEPHONE NO: (619) 280-4302   FAX NO: (619) 280-4304<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY |

NAME OF COURT: United States District Court, Southern District
STREET ADDRESS: 940 Front Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: United States District Court, Southern District of California

PLAINTIFF: San Diego County Cement Masons Group Ins. Trust, et al.

DEFENDANT: Harris Concrete, Inc., a corporation, et al.

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| [X] RIGHT TO ATTACH ORDER   [ ] TEMPORARY PROTECTIVE ORDER<br>[X] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT<br>[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT<br><br>[ ] After Hearing   [X] Ex Parte<br>[ ] Against Property of Nonresident | 08 CV 0561 DMS RBB |

1. Plaintiff *(name):* San Diego County Cement Masons Group Ins. Trust, et al.
   applies [ ] after hearing [X] ex parte   for
   a. [X] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
      (1) [ ] property in defendant's possession.
      (2) [ ] documentary evidence in defendant's possession of title to property.
      (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Harris Concrete, Inc., a corporation
   a. [ ] is a natural person who
      (1) [ ] resides in California.
      (2) [ ] does not reside in California.
   b. [X] is a corporation
      (1) [X] qualified to do business in California.
      (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
      (1) [ ] has filed a designation under Corporations Code section 15800.
      (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other (specify):

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000] **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY<br>PROTECTIVE ORDER, ETC. (Attachment)** Code of Civil Procedure,<br>§§ 482.030, 484.01 0 et seq.

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| San Diego County Cement Masons Group Ins. Trust, et al. v. Harris Concrete | 08 CV 0561 DMS RBB |

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration. See Declaration of Sandra Eatchel
   c. ☐ following facts *(specify)*:

8. The amount to be secured by the attachment is: $162,797.92
   a. ☒ which includes estimated costs of: $419.50
   b. ☒ which includes estimated allowable attorney fees of: $32,211.00 (See Declaration of Melissa W. Cook)

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☒ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.

*(Continued on page three)*

AT-105 [Rev. January 1, 2000] | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Page two of three

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| San Diego County Cement Masons Group Ins. Trust, et al. v. Harris Concrete | 08 CV 0561 DMS RBB |

13.  a.  Plaintiff [X] alleges on ex parte application for order for writ of attachment

[ ] is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) [X] it may be inferred that there is a danger that the property sought to be attached will be

   (a) [ ] concealed

   (b) [X] substantially impaired in value.

   (c) [ ] made unavailable to levy by other than concealment or impairment in value.

(2) [ ] defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).

(3) [ ] a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) [ ] an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) [ ] other circumstances (specify):

b.  The statements in item 13a are established by [X] the attached affidavit or declaration    See Declaration of

[ ] the following facts (specify):    Melissa W. Cook

14.  [ ]  Plaintiff requests the following relief by temporary protective order (specify):

15.  Plaintiff

a.  [X]  has filed an undertaking in the amount of:  $ 10,000.00

b.  [ ]  has not filed an undertaking.

Date: June 9, 2008

. . . . . . . . KERRY K. FENNELLY, ESQ. . . . . . . . . .
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _Kerry Fennelly_
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 9, 2008

. . . . . . . . . KERRY K. FENNELLY . . . . . . . . . .
(TYPE OR PRINT NAME)

▶ _Kerry Fennelly_
(SIGNATURE OF DECLARANT)

16.  Number of pages attached: 27

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

*LexisNexis® Automated California Judicial Council Forms*

1 | MELISSA W. COOK, ESQ.; SBN 134791
KERRY K. FENNELLY, ESQ.; SBN: 232621
2 | MELISSA W. COOK & ASSOCIATES
3444 Camino del Rio North, Suite 106
3 | San Diego, California 92108
Telephone: (619) 280-4302
4 | Facsimile: (619) 280-4304
MWCCoast@aol.com
5 | kkfennelly@sbcglobal.net

6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | SAN DIEGO COUNTY CEMENT              )   CASE NO. 08 CV 0561 DMS RBB
     MASONS GROUP INSURANCE               )
11 | TRUST; et al.,                        )
                                          )   DECLARATION OF SANDRA
12 |           Plaintiffs,                 )   EATCHEL IN SUPPORT OF
                                          )   PLAINTIFFS' EX PARTE
13 |      v.                               )   APPLICATION FOR RIGHT TO
                                          )   ATTACH ORDER AND ORDER
14 | HARRIS CONCRETE, INC., a              )   FOR ISSUANCE OF WRIT OF
     corporation,                          )   ATTACHMENT
15 |                                       )
                                          )
16 |           Defendant.                  )   Judge:    Hon. Dana M. Sabraw
                                          )   Courtroom: 10
17 | _____ )

18

19 | I, Sandra Eatchel, hereby declare as follows:

20 |         1.    I am employed as the Administrative Representative with Allied

21 | Administrators, the third-party administer that administers Plaintiffs San Diego County

22 | Cement Masons Group Insurance Trust, San Diego County Cement Masons Pension

23 | Trust Fund and San Diego County Cement Masons Apprentice and Training Trust Fund

24 | (hereinafter the "Trust Funds") and also collects the amounts due to the  San Diego

25 | County Cement Masons Local 500/Area 744 Vacation Plan (hereinafter "Vacation Plan")

26 | and Operative Plasterers' and Cement Masons' International Association, Local Union

27 | 500/Area 744 (hereinafter "Union").    I am authorized to execute this Declaration on

28 | behalf of Plaintiffs.

2.    I have personal knowledge of the facts stated herein and if called upon as a witness, I could and would completely testify thereto.

3.    On or about January 6, 2002, Percy Harris executed as an agent of Defendant Harris Concrete, Inc. an agreement in writing entitled Short Form Agreement. A copy of the Short Form Agreement executed by Percy Harris is attached hereto as Exhibit "A" and incorporated herein by reference.

4.    By the Short Form Agreement, which incorporated the terms and provisions of Master Labor Agreements (the "Collective Bargaining Agreements") and of the Declarations of Trust (the "Trust Agreements"), hereinafter collectively referred to as the "Agreements," and by the rules, regulations and procedures of the Trust Funds, the Vacation Plan and the Union, Defendant is required to submit monthly reports,  pay to the Trust Funds, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant (the "Contributions") and withhold and submit to the Vacation Plan and the Union, each of them, certain sums per hour for each hour paid and/or worked during each month by cement masons employed by Defendant who have authorized Defendant to make said withholdings (the "Dues"). Said reports, Contributions and Dues were agreed to be due and payable on the 10th day of each month and would become delinquent on the 15th day of each month following the month in which said hours of work were performed.

5.    Defendant agreed by the terms of the Agreements that the prompt and accurate payment of the Contributions is essential to the maintenance of the  Trust Funds. Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual expense and damage to the Trust Funds that  would result from the failure of Defendant to pay the Contributions within the time provided. Thus, liquidated damages would be assessed in accordance with the following schedule:

(a)  One and one-half percent (1½%) of the principal if late one to thirty (1-30) days;

(b)  Three percent (3%) of the principal if late thirty-one to sixty

-2-

1  (31-60) days;

2              (c) One and one-half percent (1½%) will accrue for each additional
3  thirty (30) days late, up to a maximum of eighteen percent (18%) per annum.

4              6.    Defendant has failed to pay the Contributions and Dues as required
5  by the Agreements for at least the months of February, 2007 through April, 2008.

6              7.    Although Plaintiffs have demanded that Defendant pay the amounts
7  owed, Defendant has failed and refused to pay these amounts to Plaintiffs.

8              8.    The Agreements provide that the Contributions to the Trust Funds
9  unpaid by the due date (the 10th day of the month following the month in which said
10  hours of work were performed) shall bear interest from such date at the rate of ten
11  percent (10%) per annum.

12              9.    Pursuant to the Agreements and ERISA Section 502(g) (29 U.S.C.
13  Section 1132(g)), Plaintiffs are entitled to the Contributions, Dues, liquidated damages,
14  interest, audit fees, attorney fees and costs from Defendant.

15              10.    One of my duties as Administrative Representative is to oversee the
16  collection and assessment of the Contributions, Dues, liquidated damages and interest
17  owed to the Trust Funds, the Vacation Plan and the Union by contractors to the
18  Agreement including Defendant.

19              11.    In my capacity as Administrative Representative, I have in my
20  custody and control the books and records of Plaintiffs which pertain to the amounts
21  owed by Defendant to the Trust Funds, Vacation Plan and Union. The records are made
22  at or near the time of the act which is recorded therein. They are made by an employee
23  who is charged with the duty of making such an entry.

24              12.    Pursuant to the books and records of Plaintiffs, Defendant has failed
25  to submit accurate and prompt monthly reports and to pay Contributions and Dues as
26  required by the Agreements for the time period of February, 2007 to at least April, 2008.

27

28              13.    Although demand has been made for the payment of the unpaid

-3-

1  Contributions and Dues, some of which has been collected, there is now due and owing
2  a total of $109,246.55 in unpaid Contributions and Dues plus $13,716.82 in unpaid
3  liquidated damages and $7,623.55in unpaid interest to the Trust Funds, Vacation Plan
4  and Union for the months of February, 2007 to April, 2008. The breakdown of the sums
5  owed as calculated by my staff under my direction is as stated in Exhibit "B" attached
6  hereto.

7       14.    The amounts set forth above are the amounts owed by Defendant
8  under the Agreements for the period of February, 2007 through April, 2008 only and are
9  based solely upon remittance reports voluntarily submitted to Plaintiffs by Defendant.

10      15.    The amounts set forth above do not cover, and expressly exclude, any
11  time period not mentioned above and any amount not known to Plaintiffs as of the date
12  Plaintiffs submit this Application, including but not limited to, the Contributions and
13  Dues which might subsequently be revealed by an audit of Defendant's books and
14  records.

15      16.    Although demand has been made for Defendant to submit to an audit
16  of their books and records for the time period of February, 2007 to the present,
17  Defendant has refused.

18      17.    Pursuant to the Agreements, Plaintiffs are entitled to their reasonable
19  attorney's fees and costs of the lawsuit.

20      I declare under penalty of perjury under the laws of the United States of
21  America that the foregoing is true and correct.

22
23  Executed on June  9  , 2008
24
25                                        Sandra Eatchel
                                        _____
26                                        Sandra Eatchel
27
28

-4-

## SHORT FORM AGREEMENT

This Agreement is entered into this ___6TH___ day of _____ 1:200 by and between _____HARRY CONSTRUCT_____, an Employer in the construction industry, hereinafter known as the "Employer", and the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL UNION 500/Area 784 hereinafter known as the "Union".

### I.

This Short Form Agreement, hereinafter "Agreement", shall cover all jobsite work and all jobsite preparation work, including layout, fabrication, installation, service, repair, clean up, and replacement work and the contracting or subcontracting of work to be done at the site of any construction, alteration, demolition, moving, or repair, of any building, structure or other work performed by the Employer in San Diego County and San Clemente Island, California.

### II.

The parties recognize that a Master Labor Agreement covering work done at all jobsites is entered into from time to time between the Union and certain employers in the construction industry. The parties further recognize that these agreements determine the prevailing wages, fringe benefits, and working conditions for employees represented by the Union in this industry. The parties also recognize the Union's historical and traditional policy, unilaterally adopted, of bargaining for uniform wages and working conditions from all employers in the same trade or craft in order to insure uniform benefits for all of the members and employees it represents. The Employer therefore approves of, consents to, ratifies and agrees to be bound by all clauses of the from time to time current Master Labor Agreement existing between the Union and the employers signatory thereto, and further including any amendments, modifications, extensions, changes, supplements, and renewals of said Agreement negotiated by the parties thereto. However, the Employer shall not be bound by clauses in any Master or other labor agreement which have peculiar applicability only to the signatories thereto, as determined by the Union. (Note: Examples of provisions peculiarly applicable only to signatories to that Agreement are provisions covering or relating to the subjects of strikes, lockouts, jurisdictional disputes and procedures for settlement of grievances and disputes.)

# EXHIBIT A

05

III.

The provisions of this Agreement shall be binding upon the Employer and upon any firm, partnership, company, corporation or other business organization performing work covered by this Agreement in which the Employer has an ownership interest. In the event of any change of ownership, name, or form of the Employer's business organization, the terms and obligations herein contained shall continue in full force and effect as to such organization.

IV.

A.  In lieu of the grievance and arbitration procedures contained in the current Master Labor Agreement, all grievances or disputes between the parties to this Agreement shall be adjusted as provided in this Article.

B.  A grievance or dispute by the Employer shall be presented to the Union. A grievance by the Union shall be presented to the Employer.

C.  If the parties are unable to resolve the grievance within three (3) days after presentation, the grieving party may write for a list of seven (7) arbitrators to the Federal Mediation and Conciliation Service, or to the State of California Conciliation Service, or to the American Arbitration Association. The party against whom the grievance was filed shall strike the name of an arbitrator from the list, and the parties shall thereafter strike alternately until the name of one person remains, who shall be the arbitrator. The arbitrator's decision on the grievance or dispute shall be final and binding. The arbitrator's authority shall be limited to determining whether or not there was a violation of this Short-Form Agreement. The arbitrator shall not have jurisdiction or authority to add to, amend, modify, nullify or ignore in any way the provisions of this Short Form Agreement. The expenses of the arbitrator shall be borne by the losing party.

D.  In the case of grievances or disputes over failure to use the hiring hall or over the subcontracting of work, if the arbitrator finds a violation he or she shall issue an injunction against continued and future violations, and shall award damages to the Union in the amount of the equivalent of the wages and fringe benefits lost by members of the Union and trust funds as a result of the violation.

# EXHIBIT A

06

E.   In the event of a claim by the Union that the Employer has another entity which is or should be bound by this Short-Form Agreement, the Union may bring a legal action to enforce such a claim.

F.   If legal action by the Union is required to enforce this Short-Form Agreement or an award, the Union shall be entitled to recover its attorneys' fees.

G.   Special procedure for enforcement of wage rates. The following procedure applies to enforcement of wage rates:

1.   Within 24 hours of a request by the Union to the Employer, the Employer shall make available to an auditor designated by the Union its payroll records, books, and bid, and such other records as are required by the auditor to determine that the Employer is complying with the wage provisions of the current Master Labor Agreement.  If the Employer fails to make the documents available within 24 hours, it shall be irrebuttably presumed that a violation occurred.

2.   The Union may sue to correct a violation of the wage provisions of the current Master Labor Agreement, and if the court finds a violation, or where there is a presumption of a violation, the Employer shall be liable for the Union's attorneys' fees, audit costs, payment to the employees of the difference between that which they were paid and the amount to which they were entitled, interest to the employees from the date the amounts were due at the highest legal rate, and 20% liquidated damages to the Union on the total amount, or $500.00, whichever is greater.

3.   Upon a finding by the Union's auditor of a second violation, the Employer shall lose the benefit of any wage provision of the current Master Labor Agreement providing for the payment of less than the construction rate from the date the violation occurred and for the remainder of the Short-Form Agreement, in addition to the provisions of Section 2, above.

V.

The Employer acknowledges receipt of the current Master Labor Agreement, including all Trust Agreements referred to or incorporated therein, from the Union.

# EXHIBIT A

## VI.

This Agreement shall become effective on the date hereof and remain in full force and effect for a period of two (2) years, and from year to year thereafter, unless either party has given sixty (60) days' written notice prior to the anniversary date to the other party of intention to terminate, and complies with Section 8 (d) of the Amended Labor Management Relations Act.

**FOR THE EMPLOYER:**

HARRIS CONCRETE
Company Name (print exactly as listed on Contractors License)

Ron C. H
Signed By

PERCY C. HARRIS
(Please print name of person whose signature appears on above line)

OWNER
Title

6240 DIXIE DR
Street Address (also P.O. Box No.)

LA MESA, CA 91942
City/State/ZipCode

(619) 698-8281
AreaCode/Telephone

License Classification C8

# 789345
State License Number

KENNEDY INS
Compensation Carrier

STATE COMP
Disability Carrier

OPERATIVE PLASTERERS' &
CEMENT MASONS' INTERNATIONAL
ASSOCIATION, LOCAL 500/ Area 744
1807 ROBINSON AVE. #205
San Diego, California 92103

N. Bailey
By

**FOR UNION OFFICE REFERENCE ONLY**

Contact By:_____

Date of Contact:_____

A total of 3 copies of this Agreement must be signed:

1 for Union
1 for Trust Office
1 for Employer/to be returned after processing by Union

The Employer also agrees not to sub any of the concrete work that he has bid to a non-signatory contractor.

# EXHIBIT A                    08

## HARRIS CONCRETE

### TOTAL OWE

| | |
|---|---|
| PRINCIPLE | $ 109,246.55 |
| LD'S | 13,716.82 |
| INTEREST | 7,623.55 |
| | $ 130,586.92 AS OF 06/13/08 |

**EXHIBIT B**

## HARRIS CONCRETE

| | | REPORTS | | | | | |
|---|---|---|---|---|---|---|---|
| | | VAC | H&W | PEN | DUES | APPR | TOTAL |
| Feb-07 | $ | 6,367.51 | 14,191.66 | 3,905.40 | 3,727.10 | 1,290.16 | 29,481.83 |
| Mar-07 | | 7,792.88 | 17,186.41 | 4,779.63 | 4,513.60 | 1,562.41 | 35,834.93 |
| Apr-07 | | 6,213.38 | 14,186.71 | 3,810.87 | 3,725.80 | 1,289.71 | 29,226.47 |
| May-07 | | 6,206.63 | 15,540.53 | 3,806.73 | 4,081.35 | 1,412.78 | 31,048.02 |
| Jun-07 | | 7,171.88 | 18,960.98 | 4,398.75 | 4,979.65 | 1,723.73 | 37,234.99 |
| Jul-07 | | 3,230.00 | 8,132.25 | 1,782.96 | 2,246.05 | 774.50 | 16,165.76 |
| Aug-07 | | 4,820.00 | 11,825.63 | 2,660.64 | 3,266.13 | 1,126.25 | 23,698.65 |
| Sep-07 | | 5,708.75 | 13,563.38 | 3,151.23 | 3,746.08 | 1,291.75 | 27,461.19 |
| Oct-07 | | 4,553.75 | 10,326.76 | 2,513.67 | 2,852.16 | 983.50 | 21,229.84 |
| Nov-07 | | 3,568.75 | 7,630.88 | 1,969.95 | 2,107.58 | 726.75 | 16,003.91 |
| Dec-07 | | 4,532.50 | 10,733.64 | 2,501.94 | 2,964.54 | 1,022.25 | 21,754.87 |
| Jan-08 | | 5,193.75 | 12,526.50 | 2,866.95 | 3,459.70 | 1,193.00 | 25,239.90 |
| Feb-08 | | 3,727.50 | 9,072.00 | 2,057.58 | 2,505.60 | 864.00 | 18,226.68 |
| Mar-08 | | 500.00 | 1,050.00 | 276.00 | 290.00 | 100.00 | 2,216.00 |
| Apr-08 | | 400.00 | 840.00 | 220.80 | 232.00 | 80.00 | 1,772.80 |
| TOTAL AMOUNT DUE | $ | 69,987.28 | $ 165,767.33 | $ 40,703.10 | $ 44,697.34 | $ 15,440.79 | $ 336,595.84 |

## SUMMARY

| CHECK # | DEP DATE | AMOUNT |
|---|---|---|
| CK1636 | 7/5/2007 | $ (29,481.83) |
| CK1656 | 7/5/2007 | (35,834.93) |
| CK1808 | 9/10/2007 | (12,828.73) |
| CK1809 | 9/10/2007 | (6,334.07) |
| CK1807 | 9/10/2007 | (4,689.82) |
| CK1843 | 9/10/2007 | (14,786.32) |
| CK1917 | 11/6/2007 | (23,698.65) |
| CK1999 | 11/16/2007 | (35,000.00) |
| CK7653 - DIEGAN | 11/16/2007 | (27,461.19) |
| CK2051 | 1/25/2008 | (21,229.84) |
| CK2144 | 2/8/2008 | (16,003.91) |
| | | $ (227,349.29) |

# EXHIBIT B

10

TOTAL AMOUNT DUE          $ 336,595.84
TOTAL AMOUNT PAID         (227,349.29)
REMAINING BALANCE         $ 109,246.55

**EXHIBIT B**

## HARRIS CONCRETE
## LD'S AND INTEREST CALCULATION

| | AMOUNT DUE | DUE DATE | DEPOSIT DATE | DAYS LATE | DAILY INT | INTEREST | DAILY LD'S | LDS |
|---|---|---|---|---|---|---|---|---|
| Feb-07 | $ 19,387.22 | 3/15/2007 | 5/21/2007 | 67 | 0.027400% | $ 355.91 | 0.049300% | $ 640.38 |
| Mar-07 | 23,528.45 | 4/16/2007 | 5/29/2007 | 43 | 0.027400% | 277.21 | 0.049300% | 498.78 |
| Apr-07 | 19,287.29 | 5/15/2007 | 8/27/2007 | 104 | 0.027400% | 549.61 | 0.049300% | 988.90 |
| May-07 | 20,760.04 | 6/15/2007 | 11/6/2007 | 144 | 0.027400% | 819.11 | 0.049300% | 1,473.80 |
| Jun-07 | 25,083.46 | 7/16/2007 | 11/16/2007 | 123 | 0.027400% | 845.36 | 0.049300% | 1,521.04 |
| Jul-07 | 10,689.71 | 8/15/2007 | 11/16/2007 | 93 | 0.027400% | 272.40 | 0.049300% | 490.11 |
| Aug-07 | 15,612.52 | 9/17/2007 | 1/25/2008 | 130 | 0.027400% | 556.12 | 0.049300% | 1,000.61 |
| | | | | | | $ 3,675.72 | | $ 6,613.61 TOTAL |
| Sep-07 | $ 18,006.36 | 10/15/2007 | 6/13/2008 | 242 | 0.027400% | $ 1,193.97 | 0.049300% | $ 2,148.27 |
| Oct-07 | 13,823.93 | 11/15/2007 | 6/13/2008 | 211 | 0.027400% | 799.22 | 0.049300% | 1,438.01 |
| Nov-07 | 10,327.58 | 12/17/2007 | 6/13/2008 | 179 | 0.027400% | 506.53 | 0.049300% | 911.38 |
| Dec-07 | 14,257.83 | 1/15/2008 | 6/13/2008 | 150 | 0.027400% | 586.00 | 0.049300% | 1,054.37 |
| Jan-08 | 16,586.45 | 2/15/2008 | 6/13/2008 | 119 | 0.027400% | 540.82 | 0.049300% | 973.08 |
| Feb-08 | 11,993.58 | 3/17/2008 | 6/13/2008 | 88 | 0.027400% | 289.19 | 0.049300% | 520.33 |
| | 1,426.00 | 4/15/2008 | 6/13/2008 | 59 | 0.027400% | 23.05 | 0.049300% | 41.48 |
| | 1,140.80 | 5/15/2008 | 6/13/2008 | 29 | 0.027400% | 9.06 | 0.049300% | 16.31 |
| | | | | | | $ 3,947.83 | | $ 7,103.21 |

\*\*\* REPORTS NOT PAID YET AS OF JUNE 13, 2008.....

| STILL ACCRUING | TOTAL |
|---|---|
| $ 11,051.04 | $ 10,289.33 |

## EXHIBIT B

12

# HARRIS CONCRETE

**REPORTS**

| | VAC | H&W | PEN | DUES | APPR | TOTAL |
|---|---|---|---|---|---|---|
| Feb-07 | $ 6,367.51 | $ 14,191.66 | $ 3,905.40 | $ 3,727.10 | $ 1,290.16 | $ 29,481.83 |
| Mar-07 | 7,792.88 | 17,186.41 | 4,779.63 | 4,513.60 | 1,562.41 | 35,834.93 |
| Apr-07 | 6,213.38 | 14,186.71 | 3,810.87 | 3,725.80 | 1,289.71 | 29,226.47 |
| May-07 | 6,206.63 | 15,540.53 | 3,806.73 | 4,081.35 | 1,412.78 | 31,048.02 |
| Jun-07 | 7,171.88 | 18,960.98 | 4,398.75 | 4,979.65 | 1,723.73 | 37,234.99 |
| Jul-07 | 3,230.00 | 8,132.25 | 1,782.96 | 2,246.05 | 774.50 | 16,165.76 |
| Aug-07 | 4,820.00 | 11,835.63 | 2,660.34 | 3,236.13 | 1,125.55 | 23,698.65 |
| Sep-07 | 5,708.75 | 13,563.38 | 3,151.20 | 3,746.08 | 1,291.75 | 27,461.19 |
| Oct-07 | 4,553.75 | 10,326.76 | 2,513.67 | 2,852.16 | 983.50 | 21,229.84 |
| Nov-07 | 3,568.75 | 7,630.88 | 1,969.95 | 2,107.58 | 726.75 | 16,003.91 |
| Dec-07 | 4,532.50 | 10,733.64 | 2,501.94 | 2,964.54 | 1,022.25 | 21,754.87 |
| Jan-08 | 5,193.75 | 12,526.50 | 2,866.95 | 3,459.70 | 1,193.00 | 25,239.90 |
| Feb-08 | 3,727.50 | 9,072.00 | 2,057.58 | 2,505.60 | 864.00 | 18,226.68 |
| Mar-08 | 500.00 | 1,050.00 | 276.00 | 290.00 | 100.00 | 2,216.00 |
| Apr-08 | 400.00 | 840.00 | 220.80 | 232.00 | 80.00 | 1,772.80 |
| | $ 69,987.26 | $ 165,767.33 | $ 40,703.10 | $ 44,697.34 | $ 15,440.79 | $ 335,595.84 |

| CHECK # | DEP DATE | AMOUNT |
|---|---|---|
| CK0558 | 5/21/2007 | $ (29,481.83) |
| CK0566 | 5/29/2007 | (35,834.93) |
| CK0608 | 7/31/2007 | (112,828.73) |
| CK1809 | 7/31/2007 | (6,334.07) |
| CK11807 | 7/31/2007 | (4,689.82) |
| CKT7843 | 8/27/2007 | (14,786.32) |
| CKT7917 | 11/6/2007 | (23,698.65) |
| CK22653 - DIEGAN | 11/16/2007 | (27,461.19) |
| CK0699 | 11/16/2007 | (35,000.00) |
| CK2651 | 1/25/2008 | (21,229.84) |
| CK0644 | 2/8/2008 | (16,003.91) |
| | | $ (227,349.29) |

| PAID | STILL OWE |
|---|---|
| $ 29,481.83 | |
| 35,834.93 | |
| 29,226.47 | |
| 31,048.02 | |
| 37,234.99 | |
| 16,165.76 | |
| 23,698.65 | |
| 24,658.64 | 2,802.55 |
| | 21,229.84 |
| | 16,003.91 |
| | 21,754.87 |
| | 25,239.90 |
| | 18,226.68 |
| | 2,216.00 |
| | 1,772.80 |
| $ 227,349.29 | $ 105,257.75 |

## HARRIS CONCRETE
### LD'S AND INTEREST CALCULATION

| AMOUNT DUE **** | DUE DATE | DEPOSIT DATE | DAYS LATE | DAILY INT | INTEREST | DAILY LD'S | LD'S |
|---|---|---|---|---|---|---|---|
| $ 19,387.22 | 3/15/2007 | 5/21/2007 | 67 | 0.027400% | $ 355.91 | 0.049300% | $ 640.38 |
| 23,528.45 | 4/16/2007 | 5/29/2007 | 43 | 0.027400% | 277.21 | 0.049300% | 498.76 |
| 19,287.29 | 5/15/2007 | 8/27/2007 | 104 | 0.027400% | 549.61 | 0.049300% | 988.90 |
| 20,760.04 | 6/15/2007 | 11/6/2007 | 144 | 0.027400% | 819.11 | 0.049300% | 1,473.80 |
| 25,083.46 | 7/16/2007 | 11/6/2007 | 123 | 0.027400% | 845.36 | 0.049300% | 1,521.04 |
| 10,689.71 | 8/15/2007 | 11/16/2007 | 93 | 0.027400% | 272.40 | 0.049300% | 490.11 |
| 15,612.52 | 9/17/2007 | 1/25/2008 | 130 | 0.027400% | 556.12 | 0.049300% | 1,000.61 |
| 18,006.36 | 10/15/2007 | 6/13/2008 | 242 | 0.027400% | 1,193.97 | 0.049300% | 2,148.27 |
| 13,833.33 | 11/15/2007 | 6/13/2008 | 211 | 0.027400% | 799.22 | 0.049300% | 1,438.27 |
| 10,327.58 | 12/17/2007 | 6/13/2008 | 179 | 0.027400% | 506.53 | 0.049300% | 911.38 |
| 14,257.83 | 1/15/2008 | 6/13/2008 | 150 | 0.027400% | 586.00 | 0.049300% | 1,054.37 |
| 16,586.45 | 2/15/2008 | 6/13/2008 | 119 | 0.027400% | 540.82 | 0.049300% | 973.08 |
| 11,993.58 | 3/17/2008 | 6/13/2008 | 88 | 0.027400% | 289.19 | 0.049300% | 520.33 |
| 1,426.00 | 4/15/2008 | 6/13/2008 | 59 | 0.027400% | 23.05 | 0.049300% | 41.48 |
| 1,140.80 | 5/15/2008 | 6/13/2008 | 29 | 0.027400% | 9.06 | 0.049300% | 16.31 |

# EXHIBIT B

1  MELISSA W. COOK, ESQ.; SBN 134791
   KERRY K. FENNELLY, ESQ.; SBN: 232621
2  MELISSA W. COOK & ASSOCIATES
   3444 Camino del Rio North, Suite 106
3  San Diego, California 92108
   Telephone: (619) 280-4302
4  Facsimile: (619) 280-4304
   MWCCoast@aol.com
5  kkfennelly@sbcglobal.net

6
   Attorneys for Plaintiffs
7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10 SAN DIEGO COUNTY CEMENT          )   CASE NO. 08 CV 0561 DMS RBB
   MASONS GROUP INSURANCE           )
11 TRUST; et al.,                   )
                                    )
12            Plaintiffs,           )   DECLARATION OF MELISSA W.
                                    )   COOK IN SUPPORT OF
13     v.                           )   PLAINTIFFS' EX PARTE
                                    )   APPLICATION FOR RIGHT TO
14 HARRIS CONCRETE, INC., a         )   ATTACH ORDER AND ORDER
   corporation,                     )   FOR ISSUANCE OF WRIT OF
15                                  )   ATTACHMENT
                                    )
16            Defendant.            )   Judge:     Hon. Dana M. Sabraw
                                    )   Courtroom: 10
17 _____ )

18

19 I, Melissa W. Cook, hereby declare as follows:

20        1.    I am an attorney at law duly authorized to practice before all the

21 Courts of the State of California, and I am principal partner of Melissa W. Cook &

22 Associates, A.P.C., co-counsel of record for Plaintiffs, Plaintiffs San Diego County

23 Cement Masons Group Insurance Trust, San Diego County Cement Masons Pension

24 Trust Fund and San Diego County Cement Masons Apprentice and Training Trust Fund

25 (hereinafter the "Trust Funds") and also collects the amounts due to the  San Diego

26 County Cement Masons Local 500/Area 744 Vacation Plan (hereinafter "Vacation Plan")

27 and Operative Plasterers' and Cement Masons' International Association, Local Union

28 500/Area 744 (hereinafter "Union").

2.    I have personal knowledge of the information contained herein, and if called as a witness, could and would competently testify hereto.

3.    I have practiced law in California on a continuous basis for over 25 years.  During that time, I have prosecuted numerous ERISA lawsuits arising from employer delinquencies, and I am familiar with the rates customarily charged in matters similar to this lawsuit.

4.    Melissa W. Cook and Associates was initially retained to handle this collection matter against Defendant in May, 2007, which has accumulated into the filing of this lawsuit in March, 2008.

5.    My billing rate on this matter is $320.00 an hour and the rate of the handling associate attorney Kerry K. Fennelly of Melissa W. Cook and Associates, on this matter is $250.00 an hour.

6.    From May, 2007 through May 21, 2008, Melissa W. Cook and Associates have billed Plaintiffs $28,336.00 in attorney's fees for a total of 109.20 hours of attorney work.

7.    From May 21, 2008 to June 9, 2008, Plaintiffs have incurred an additional $3,875.00 in attorneys fees for 15.50 hours of attorney work.

8.    Additionally, Plaintiffs have incurred $419.50 in litigation costs associated with the filing and service of the Complaint.

9.    Plaintiffs will suffer great or irreparable injury if this order for attachment is not issued before the matter can be heard on notice because it may be inferred from the following facts that there is a danger that the property sought to be attached will be substantially impaired in value:

10.    Plaintiffs seek to attach the money owed to Defendant on their projects in order to satisfy the $162,797.92 in Contributions, Dues, liquidated damages, interest, attorney's fees and costs, which is due by Defendant

11.    As set forth in the Declaration of Sandra Eatchel filed herewith, Plaintiffs are owed a $109,246.55 in Contribution and Dues that are result of the wage

-2-

1  paid to and/or hours worked by cement masons employed by Defendant on Defendant's
2  projects. Defendant has failed and refused to pay these amounts.

3          12.    As set forth in the Declaration of Sandra Eatchel filed herewith, there
4  is no question the amounts are owed by Plaintiffs as they are based on the reports
5  voluntarily submitted to Plaintiffs by Defendant.

6          13.    Plaintiffs have the right to lien Defendant's projects for the amounts
7  still due for the unpaid fringe benefits, however, Defendant has substantially interfered
8  with Plaintiffs' right to lien the projects by failing to provide Plaintiffs with the vital
9  information regarding the projects in order for Plaintiffs to prefect their liens, including
10 records reflecting the number of hours worked by the cement masons on each project and
11 information regarding notices of completion.

12         14.    Leading up to the filing of this litigation, Defendant has continually
13 failed to provide the necessary information for Plaintiffs to prefect their liens even after
14 promising to do so. (See a true and correct copy of the February 8, 2008 letter from
15 Plaintiffs' counsel to Defendant regarding Defendant's agreement to submit to audit,
16 attached as Exhibit "A" hereto.)

17         15.    Additionally, since the filing of this litigation, Defendant promised
18 to provide Plaintiffs with the project records in exchange for Plaintiffs' stipulation to set
19 aside the default entered against Defendant. (See a true and correct copy of the April 25,
20 2008 letter from Plaintiffs' counsel to counsel for Defendant regarding the agreement,
21 attached as Exhibit "B" hereto.) Defendant has refused to provide the documents despite
22 Plaintiffs execution of the Stipulation to Set Aside Default.

23         16.    Defendant's continued failure to either provide the project records or
24 allow an audit as authorized under the applicable Collective Bargaining Agreement has
25 endangered Plaintiffs' lien rights as Plaintiffs are unable to determine when their rights
26 expire in order to timely file their liens.

27         17.    By preventing Plaintiffs from properly placing liens on its projects
28 Defendant is able to continue to be paid on their projects without remitting the sums

-3-

1 | owed for the fringe benefits and thus, likely substantially impairing Plaintiffs right to

2 | ever recovering the amounts owed.

3 |        18.    Attached hereto as Exhibit "C" is a true and correct copy of the

4 | undertaking of $10,000.00 for this attachment.

5 |        I declare under penalty of perjury under the laws of the United States of

6 | America that the foregoing is true and correct.

7 | Executed on _____June 9_____, 2008

8 |

9 | _____

10 | Melissa W. Cook

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-4-

## MELISSA W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3444 CAMINO DEL RIO NORTH, SUITE 106
SAN DIEGO, CALIFORNIA 92108

MELISSA W. COOK
LISA A. LESLEY
KERRY K. FENNELLY

LUISA DIAZ TORRES
Paralegal

TELEPHONE
(619) 280-4302

FACSIMILE
(619) 280-4304

February 8, 2008

Mr. Percy Harris
Harris Concrete, Inc.
8265 Commercial Street, Suite 9
La Mesa, California 91942

Re:   San Diego County Cement Masons
Trust Funds - Delinquent Contributions

Dear Mr. Harris:

As you are aware this office represents the San Diego County Cement Masons Trust Funds ("Trust Funds"). Please allow this letter to confirm the February 7, 2008 agreement between Harris Concrete and the Trustees for the Trust Funds with respect to Harris Concrete's continuing obligation to the Trust Funds for delinquent contributions and future contributions.

Pursuant to the terms of the above-referenced agreement:

- Harris Concrete is to submit payment of $16,003.91 immediately to the Trust Funds;

- Harris Concrete is to submit the contribution report for January, 2008 timely by February 15, 2008;

- Harris Concrete is to pay the amount of contributions owed for January, 2008 by Friday, February 22, 2008;

- In the event Harris Concrete does not submit the amount of contributions owed for January, 2008 by February 22, 2008, Trustee Jaime Barton will recommend to the Cement Masons Local Union #500 hold employees from Harris Concrete beginning Monday, February 25, 2008;

## EXHIBIT A

U5

MELISSA W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Mr. Percy Harris
February 8, 2008
Page 2

- Harris Concrete is to submit $21,754.87 on <u>March 10, 2008</u>;

- Harris Concrete is to timely submit the report and amount of contributions for February, 2008 by <u>March 15, 2008</u>, and is to timely submit all reports and contributions from thereon.

Additionally, Harris Concrete is to submit forthwith to an audit by the Trust Funds of Harris Concrete's records with respect to current and past jobs, hours worked by employees on the jobs and accounts receivable.

Please be advised this payment arrangement does not alter the allocation policy of the Trust Funds, that monies received are applied to oldest debt outstanding on a signatory employer's account regardless of the month the employer intended for it to be applied. Further, this payment arrangement does not alter the rights of the Trust Funds to lien current and past jobs of Harris Concrete in order to collect the balance of the outstanding delinquent contributions. Lastly, be advised, even with taking into consideration that all payments are made as outlined above, an outstanding balance of $40,036.30 still remains due by Harris Concrete for delinquent contributions. In addition, as of January 31, 2008, interest and liquidated damages of $13,128.76 are due and continue to accrue.

If you have any questions or concerns please contact the undersigned.

Very truly yours,

MELISSA W. COOK & ASSOCIATES

Kerry K. Fennelly

KKF/mdn/Harris.ltr.wpd
0356.21
cc: Ms. Sandra Eatchel
    Mr. Jaime Barton
    Mr. Steve R. Sapper

**EXHIBIT A**

06

## MELISSA W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3444 CAMINO DEL RIO NORTH, SUITE 106
SAN DIEGO, CALIFORNIA 92108

MELISSA W. COOK
LISA A. LESLEY
KERRY K. FENNELLY

LUISA DIAZ TORRES
Paralegal

TELEPHONE
(619) 280-4302

FACSIMILE
(619) 280-4304

April 25, 2008

**_VIA FACSIMILE ONLY_**

Steven R. Borer, Esq.
Procopio, Cory, Hargreaves
    & Savitch, LLP
530 "B" Street, Suite 2100
San Diego, California 92101

> Re:  *San Diego County Cement Masons Group Insurance Trust, et al. v. Harris Concrete, Inc.*;
> <u>U.S. District Court Case No.: 08CV0561 DMS RBB</u>

Dear Mr. Borer:

      Please find enclosed the executed Stipulation Setting Aside the Default of Defendant Harris Concrete, Inc. in the above-referenced matter.  Please also accept this letter as a confirmation of our telephone conference yesterday, in which it was agreed that our clients' assent to this Stipulation is contingent upon your client providing our office with specific and detailed information regarding its projects, including the number of hours each cement mason employed by your client worked or was paid for on each project during the time period of January, 2007 to the present. Accordingly, please have your client provide the project information within 10 days of this letter.

# EXHIBIT B

07

**MELISSA W. COOK & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

Steven R. Borer, Esq.
April 25, 2008
Page 2


If you have any questions or concerns, or you understanding differs from that set forth above, please contact our office.

Very truly yours,

MELISSA W. COOK & ASSOCIATES

Melissa W. Cook

MWC/ldt/Borer.ltr.wpd
0356.21
Enclosure

**EXHIBIT B**

08

**INTERNATIONAL FIDELITY INSURANCE COMPANY**
Address for Service: 1575 Treat Blvd., #208, Walnut Creek, CA 94598

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Diego County Cement Masons Group Insurance Trust; San Diego County Cement Masons Pension Trust Fund; San Diego County Cement Masons Apprentice and Training Trust Fund; San Diego County Cement Masons Local 500/Area 744 Vacation Plan; and Operative Plasterers' and Cement Masons' International Association, Local Union 500/Area 744 } | Premium: $ 200.00 |
| | Bond Number   0472705 |
| | UNDERTAKING OF CORPORATE SURETY |
| Plaintiff(s) } | Case Number   CV 0561 DMS RBB |
| VS. | |
| Harris Concrete, Inc., a corporation } | |
| } | |
| } | |
| Defendant(s) | |

WHEREAS, the   Plaintiff(s)

desire(s) to give an undertaking for writ of attachment

as provided by   Code #484.010

Now, Therefore, the undersigned, **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, and authorized to transact the business of Surety in the State of California, does hereby obligate itself, its successors and assigns to defendant under said statutory obligations in the sum of _____ Ten Thousand Dollars ($ 10,000 ).

In Testimony Whereof, the said Surety has caused these presents to be executed and its corporate seal attached by its duly authorized attorney-in-fact at San Diego California,

on this 5th day of June , 20 08 .

International Fidelity Insurance Company

By _Timothy McClellan_ /Attorney-in-Fact

# EXHIBIT C

09

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

MARILOU KRAFT, TIMOTHY MCCLELLAN, AIDAN SMOCK, KATHLEEN VANDERSLICE

San Diego, CA.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said **INTERNATIONAL FIDELITY INSURANCE COMPANY**, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of **INTERNATIONAL FIDELITY INSURANCE COMPANY** at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, **INTERNATIONAL FIDELITY INSURANCE COMPANY** has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 16th day of October, A.D. 2007.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 16th day of October 2007, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the **INTERNATIONAL FIDELITY INSURANCE COMPANY**; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2010

## CERTIFICATION

I, the undersigned officer of **INTERNATIONAL FIDELITY INSURANCE COMPANY** do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this    5th    day of    June    2008

Assistant Secretary

**EXHIBIT C**

10

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA

County of San Diego _____ }

On  June 5, 2008  _____ before me,  Sarah Nicholas, Notary Public  _____ ,
_____Date_____                    Here Insert Name and Title of the Officer

personally appeared  Timothy McClellan  _____
                                   Name(s) of Signer(s)

_____ ,

[Notary Seal: SARAH NICHOLAS COMM. # 1640249 NOTARY PUBLIC-CALIFORNIA SAN DIEGO COUNTY MY COMM. EXP. JAN. 22, 2010]

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true
and correct.

Witness my hand and official seal.

Signature _Sarah Nicholas_____
                    Signature of Notary Public

Place Notary Seal Above

───────────────── OPTIONAL ─────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____        Signer's Name: _____
☐ Individual                                    ☐ Individual
☐ Corporate Officer — Title(s): _____      ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General                ☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact          RIGHT THUMBPRINT    ☐ Attorney in Fact          RIGHT THUMBPRINT
☐ Trustee                   OF SIGNER           ☐ Trustee                   OF SIGNER
☐ Guardian or Conservator   Top of thumb here   ☐ Guardian or Conservator   Top of thumb here
☐ Other: _____                         ☐ Other: _____

Signer Is Representing:                          Signer Is Representing:
_____                            _____
_____                            _____
_____                            _____

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907  Reorder: Call Toll-Free 1-800-876-6827



EXHIBIT C                                                          11