# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CEMENT MASONS GROUP INSURANCE TRUST, et al., <br><br> Plaintiff, <br> vs. <br> HARRIS CONCRETE, INC., <br><br> Defendant. | CASE NO. 08-cv-0561 DMS (RBB) <br><br> **ORDER DENYING ISSUANCE OF WRIT OF ATTACHMENT** |

Pending before the Court is Plaintiff's ex parte application for a writ of attachment. Plaintiff seeks to attach Defendant's accounts receivable prior to litigation arising out of Defendant's alleged failure to timely pay into a pension fund managed by Plaintiff. To obtain ex parte relief of this type, Plaintiff must demonstrate by affidavit that "great or irreparable injury will result to the plaintiff if issuance of the order is delayed until the matter can be heard on notice." Cal. Code Civ. Proc. § 485.010(a); *See also* Fed. R. Civ. Proc. 64(a) (Plaintiffs may invoke law of the state in which federal court is located "for seizing...property to secure satisfaction of the potential judgment."). This requirement may be satisfied if "[u]nder the circumstances of the case, it may be inferred that the defendant has failed to pay the debt underlying the requested attachment and the defendant is insolvent in the sense that the defendant is generally not paying his or her debts as those debts become due, unless the debts are subject to a bona fide dispute. Plaintiff's affidavit filed in support of the ex parte attachment shall state...the known undisputed debts of the defendant, that the debts are not subject to

bona fide dispute, and the basis for plaintiff's determination that the defendant's debts are undisputed." Cal. Code Civ. Proc. § 485.010(b)(2).

Plaintiff alleges that the debt which is the subject of the collection lawsuit is undisputed, and is not being paid as it comes due. However, Plaintiff has not alleged that Defendant is generally insolvent, and has not stated any known undisputed debts of Defendant other than those at issue in this case. Instead, Plaintiff states only that it has been unable to place liens on Defendant's accounts receivable because Defendant has not provided Plaintiff with sufficient information to do so, and that the inability to place liens "substantially impair[s] Plaintiffs' right to ever recover[] the amounts owed." (Compl. ¶ 13- 17). However, Defendant's failure to provide Plaintiff with the information Plaintiff requires to place liens on Defendant's property does not give rise to an inference of general insolvency. There is thus no factual basis for this Court to conclude that delay until Defendant may be heard on notice would substantially impair the value of Defendant's accounts receivable. Accordingly, Plaintiff's ex parte application is DENIED.

**IT IS SO ORDERED.**

DATED: June 13, 2008

                                              HON. DANA M. SABRAW
                                              United States District Judge